## COOPER *v.* DOBSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 179. Argued January 24, 25, 1895.— Decided March 11, 1895.

Under Schedule K, clause 2, of the tariff act of March 3, 1883, c. 120, all hair of the alpaca, goat, and other like animals, is subjected to a uniform duty of ten cents a pound; and goat's hair is not comprehended in the clause relating to hair "not specially provided for."

THE case is stated in the opinion.

*Mr. Assistant Attorney General Whitney* for plaintiff in error.

*Mr. Richard P. White* for defendants in error. *Mr. Thomas Earle White* and *Mr. Joseph P. McCullen* were on his brief.

MR. JUSTICE SHIRAS delivered the opinion of the court.

This was an action brought in the Circuit Court of the United States for the Eastern District of Pennsylvania by the firm of John and James Dobson against the collector of customs, to recover an alleged excess of tariff duties paid under protest.

The controversy was over the character of merchandise imported by the plaintiffs and claimed by them to be free from duty, but which was appraised by the officers of the government as subject to duty at the rate of ten cents a pound.

The question involves a construction of the tariff act of March 3, 1883, c. 120, 22 Stat. 487. The importers claim that the article imported by them was hair within the meaning of paragraph 717, page 519, which is in the following terms: "Hair, horse or cattle, and hair of all kinds, cleaned. or uncleaned, drawn or undrawn, but unmanufactured, not specially enumerated or provided for in this act," to be free.

The collector classified the importation as goat hair under Schedule K, some of the terms of which were as follows:

"All wools, hair of the alpaca, goat, and other like animals, shall be divided, for the purpose of fixing the duties to be charged thereon, into the three following classes:

"Class one, clothing wools.—That is to say, merino, mestiza, metz, or metis wools, or other wools of merino blood. etc.   .   .   .

"Class two, combing wools.—That is to say, Leicester, Cotswold, Lincolnshire, down combing wools, Canada long wools, or other like combing wools of English blood, and usually known by the terms herein used, and also all hair of the alpaca, goat, and other like animals.

"Class three, carpet wools and other similar wools.—Such as Donskoi, native South America, Cordova, Valparaiso, native Smyrna, and including all wools of like character as have been heretofore usually imported into the United States from Turkey, Greece, Egypt, Syria and elsewhere."

The schedule further provides that wools of the first class shall pay a duty of ten cents per pound; wools of the second class, and "all hair of the alpaca, goat, and other like animals," ten cents per pound; wools of the third class, two and a half cents per pound.

A duty was exacted against the importation in question under class two at the rate of ten cents per pound.

The case resulted in a verdict and judgment in favor of the importers.

At the trial there was evidence on both sides as to the true character of the hair. It appears that the goods were invoiced as white cattle hair, but were described in the protest as common goat hair. Samples were exhibited to the jury of various forms of wools under class two, including a sample of the goods in dispute. The witnesses on behalf of the importers did not all agree, but the most of them said that the goods were goat hair, or common goat hair.

James Dobson, one of the plaintiffs, testified, that he had been engaged for more than twenty years in handling and manufacturing wool and hair, and that the goods in question,

in the present case, as shown by the sample, were common goat hair.

Assuming, then, as we have a right to do, that these goods were common goat hair, the problem is, under what clause of the act of 1883 is common goat hair to be classified.

The answer would be readily made if it is to be found in the terms of the statute: " Class two, combing wools. — That is to say, . . . all hair of the alpaca, goat, and other like animals ; " and, in the taxing clause, " all hair of the alpaca, goat, and other like animals, " ten cents per pound.

But it is contended that, in designating what should be included in class two, Congress specified, not wools generally, but combing wools, and that the evidence shows that the article in question was not combing wool, nor was it anything that could be used for combing purposes ; and of that view was the learned judge who tried the case below. He refused to charge as requested, that, if the jury found that the article in dispute was hair of the goat and under 30 cents per pound, their verdict should be for defendant, but charged that if the jury were satisfied that the article is what is called common goat hair, they should find for the plaintiffs, because if it were such, it is not to be classified under the section applied to it by the appraiser ; and again, he charged that if the jury were not satisfied that the article was such as is known to the trade as common goat hair, they should inquire whether it was known to commerce as combing hair, and if not such, they should find for the plaintiffs.

It is, therefore, evident that the court below construed the statute as meaning that class two should consist wholly of articles that could be used for combing purposes, that is, as well hair of the goat as wools that were susceptible of treatment by combing. To reach that construction the court was obliged to lose sight of some of the words in the statute. Thus in the leading clause of Schedule K : "*All* wools, hair of the alpaca, goat, and other like animals, shall be divided, for the purpose of fixing the duties to be charged thereon, into the three following classes," and in class two, " Combing wools. — That is to say, Leicester, Cotswold, down combing wools,

or other like combing wools of English blood, and usually known by the terms herein used, and *also all* hair of the alpaca, goat, and other like animals." So, in the taxing clause, " *Wools of the second class,* and *all hair* of the alpaca, goat, and other like animals." Instead of reading the statute in the language in which it is written, viz., *combing wools* and *all hair of the goat,* the court below reads it thus: All combing wools and combing hairs, or combing wools and such hair of the alpaca, goat, etc., as are capable of being combed.

There is no apparent reason why Congress might not have thought fit to classify combing wools under the same head with all hair of the alpaca, goat, and other like animals. Such is the natural meaning of the language used, and no necessity is shown why it should be departed from.

In the tariff act of 1890 we find the leading clause thus expressed : "All wools, hair of the camel, goat, alpaca, and other like animals, shall be divided, for the purpose of fixing the duties to be. charged thereon, into the three following classes;" and the second clause of classification is thus expressed: "Class two. That is to say, Leicester, Cotswold, Lincolnshire, down combing wools, Canada long wools, or other like combing wools of English blood, and usually known by the terms herein used, and also hair of the camel, goat, alpaca, and other like animals."

This language of the act of 1890 has recently been construed by the Circuit Court of Appeals of the First Circuit in the case of *United States* v. *Hopewell,* 5 U. S. App. 137. The case arose on a decision of the board of general appraisers, affirming the collector of the port of Boston in assessing on two bales of goat's hair a duty at the rate of 12 cents a pound, under Schedule K of the tariff act of 1890, imposing such a duty on hair of the camel, goat, alpaca, and other like animals. The importers contended that their goods should have been admitted under that paragraph of the free list which provided that hair of horse, cattle, or other animals not specially provided for in the act should be free.

The Circuit Court, 48 Fed. Rep. 630, ruled, with the contention of the importers, and adjudged that the decision of the

board of general appraisers should be reversed.  On appeal, the judgment of the Circuit Court was reversed, and the Court of Appeals held, per Mr. Justice Gray, sitting with Putnam, Circuit Judge, and Nelson, District Judge, as follows:

"The facts found in the record, and on which this case must be decided, are that the wools specified in class 2, as well as the hair of the camel and of the alpaca, are all fit, adapted, and used for combing purposes; that there are breeds of goats, such as the Cashmere and the Angora, which produce hair for combing purposes; but that the goat hair in this case is common goat hair, unfit for combing purposes, and similar in its adaptability and use to the hair of horses and cattle.  Upon the face of the act of 1890, and according to the clear and unambiguous meaning of its words, no wools, indeed, are included in class 2, except combing wools, or wools fit for combing; but there is no such restriction with regard to hair; and 'hair of the camel, goat, alpaca, and other animals' is subjected to a duty of 12 cents a pound, to whatever uses or purposes it is or may be adapted; and goat's hair, being thus specified as subject to a particular rate of duty, is not comprehended in the clause relating to hair not specially provided for in this act."

The court proceeded to consider arguments based upon the previous acts and decisions thereunder, and particularly the act of 1883, and the ruling in this very case, *Dobson* v. *Cooper*, 46 Fed. Rep. 184, but was of opinion that there had been no clear or well-settled construction arrived at under the previous laws.

The phraseology of the act of 1890 relieved that case from the perplexity that was occasioned by the suggestion that the words "alpaca, goat," in the act of 1883, were intended to describe, not two animals, but one only, an "alpaca goat," thus affording a basis for the contention that the whole clause included only animals producing hair or wool like said "alpaca goat."  As the order of the words in the act of 1890 is "camel, goat, alpaca," it is obvious that Congress, in that act, did not have in view the existence of such an animal as an "alpaca goat," and it is fair to presume that the animals enumerated in the act of 1883 were the same with those named in the subsequent act.

Adopting the reasoning and the language of the opinion of the Circuit Court of Appeals above referred to, we hold that, upon the face of the act of 1883, and according to the clear and unambiguous meaning of its words, no wools, indeed, are included in class 2, except combing wools or wools fit for combing; but that there is no such restriction with regard to hair, and that "all hair of the alpaca, goat, and other like animals" is subjected to a uniform duty of ten cents a pound, to whatever uses or purposes it is or may be adapted; and that goat's hair, being thus specified as subject to a particular rate of duty, is not comprehended in the clause relating to hair "not specially provided for in this act."

The judgment of the Circuit Court

*Is reversed, and the case remanded with directions to award a new trial.*