SEA INS. CO. OF LIVERPOOL, ENGLAND, et al. v. VICKSBURG, S. & P. RY. CO.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1908. On Rehearing, April 3, 1908.)

No. 1,705.

1. INSURANCE—PAYMENT OF LOSS—SUBROGATION.
    Where policies insuring certain cotton provided that the insurance company on payment of loss should be subrogated to that extent to assured's right to recover for any act of negligence claimed to have caused the loss, the insurance company, on paying for the cotton destroyed by fire from sparks thrown out by defendant railroad company's locomotive, was subrogated to the rights of the owners of the cotton against the railroad company.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1506.]

2. BAILMENT—OBLIGATION OF PARTIES.
    Where cotton was delivered to a compress company for compression for hire, the transaction constituted a bailment, in which the compress company was to do work for the owners of the cotton; the obligations of both bailor and bailee being mutual, but several.

3. SAME—LOSS OF GOODS—LIABILITY OF BAILEE.
    A bailee is liable to the bailor for injury to or the destruction of the property caused by the bailee's negligence, both under the common and civil law.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bailment, §§ 33–46.]

**4. NEGLIGENCE—DESTRUCTION OF PROPERTY—CONCURRENT NEGLIGENCE.**

Where property held by a bailee is destroyed by the concurrent negligence of the bailee and a third person, the bailor may sue either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 74, 75.]

**5. SAME—IMPUTED NEGLIGENCE.**

Where cotton was delivered by the owner to a compress company for compression for hire, neither the relation of master and servant nor that of principal and agent existed between the owner and the compress company, or its servants; and hence the negligence of the latter, contributing to the destruction of the cotton by fire alleged to have been set out by a railroad company, could not be imputed to the owner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 74, 75.]

In Error to the Circuit Court of the United States for the Western District of Louisiana.

A. A. Armistead and J. D. Wilkinson, for plaintiffs in error.

Harry H. Hall, E. H. Randolph, Frank P. Stubbs, and Frank P. Stubbs, Jr., for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. The plaintiffs, four insurance companies, sue the defendant railroad company for $59,871.92, alleging that they had insured certain cotton at Arcadia, La., and that the insured property had been destroyed by fire resulting from sparks thrown out by defendant's locomotive; that this occurred through the negligence of the defendant; that the plaintiffs had paid the owners of the cotton $55,501.92, and by the terms of the several policies were subrogated to the rights of such owners and entitled to sue the defendant for reimbursement. Each of the policies contained a provision that, if the insurance company should claim that a fire was caused by the act or negligence of any person or corporation, the insurance company shall, on payment of the loss, be subrogated to the extent of such payment to the right to recover by the assured for the loss resulting therefrom, and such right shall be assigned to the insurance company on receiving such payment. The plaintiffs became subrogated by such payment to the rights of the owners of the cotton, and, in fact, the right of action was assigned in writing by the assured to the plaintiffs, the insurance companies, pursuant to this provision. The defendant railroad company answered the petition, denying the charge of negligence, and further pleaded the contributory negligence of the compress company, alleging that it permitted large quantities of loose cotton to be exposed on the platform where the fire occurred, and that it was guilty of the careless and reckless handling of the cotton.

The assured, to whom the policies issued on the cotton were payable, had placed the cotton in the possession of the compress company to be compressed. It is conceded in the printed arguments of both parties that the compress company held the cotton as bailee for the owners, the assured. Evidence was offered tending to show that the compress company was negligent in leaving quantities of loose or uncovered cot-

ton on the platform, and in failing to put out the fire when it was discovered; and, on the other hand, there was evidence tending to show that the compress company exercised due care and was not negligent.

One of the questions that arose on the trial was whether or not the alleged negligence of the bailee, the compress company, could be imputed to the bailors, the assured, so as to defeat the right of the plaintiffs to recover. On this subject the learned trial judge charged the jury as follows:

"As between the parties to this suit, the contributory negligence of a bailee of cotton, whereby it was consumed by fire proceeding from a railway engine, is imputed to the owners of the cotton.

"If you find that the plaintiff companies, through the fault of the compress company, for which it is chargeable, was guilty of contributory negligence in not with reasonable care looking after and protecting the cotton from such dangers as were known by or to the compress company's servants to be inherent in the physical conditions of the time and place, and you believe such contributory negligence was the proximate cause of the fire loss, you should find for the defendant."

An exception to this charge was duly reserved, and it is assigned as error.

The contention of the learned counsel for the defendant in error is that the compress company was the agent or bailee of the owners of the cotton, having full control of it, and "that the negligence of the compress company, as the agent or bailee, was necessarily to be imputed to the principals, the owners of the cotton." The contention is that the servants of the compress company, who received and handled the cotton, were the servants of the owners of the cotton, or, at least, that such relation exists between a bailee and bailor as to make the negligence of the former imputable to the latter when the latter sues a third party to recover damages for the destruction of the subject of bailment by the negligence of such third party. This view was sustained by the Circuit Court, as shown by the charge quoted and several other parts of the judge's charge.

The record shows that the owners of the cotton delivered it to the compress company to have it compressed. The receipts given by the compress company to the owners when it was delivered are omitted from the printed record by agreement; but the record sufficiently shows that the compress company was to be, or was entitled to be, compensated for the work of compressing the cotton. The transaction clearly constituted a bailment, in which the bailee, the compress company, was to do work for the bailors, the owners of the cotton. In such case the obligations and duties of the bailor and bailee are mutual, but several; the obligations of the one being entirely different from those of the other. The obligations of the bailor are to pay the price or the compensation for the work to be done; to pay for new materials, if any are necessarily furnished; to do everything which he has agreed to do on his part to enable the bailee to execute his engagement; and, finally, to accept the thing when the work is finished. The obligations on the part of the bailee are to do the work; to do it in the time agreed on; to do it well; and to exercise a proper degree of care and diligence about the work and for the safety of the property. Story on Bailments (8th Ed.) §§ 425, 428. The bailee would unquestionably be liable to the

bailor for injury to, or the destruction of, the property caused by the bailee's negligence. This is true, both under the common law and under the civil law. Id. § 414. Nor can there be any doubt that, in a case where the property held by the bailee was destroyed by the concurrent negligence and wrong of the bailee and a third person, the bailor could sue either or both of the wrongdoers; for it is settled, seemingly without dispute, that, if the concurrent or successive negligence of two persons results in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury. 1 Thompson on Negligence, § 75, and cases cited. The case at bar can be taken out of the control of this principle only by sustaining the contention that the bailors, the owners of the cotton, stand in the relation of principal or master to the bailee, the compress company. That such relation does not exist is indicated by the fact that the duties and obligations of the bailor and bailee are totally different, and that the former has no control over the servants of the latter. In this case the bailee, being a corporation, can act only by and through its servants and agents. Clearly the bailor has no control over such servants and agents, and can neither select, employ, nor discharge them. The right of selection and control of the servant is the foundation of the general rule that makes the master liable for the acts of the servant while acting within the scope of his employment.

A plaintiff cannot recover damages for an injury to which he has directly contributed by his own negligence. If the plaintiff's own fault, whether of commission or omission, has materially contributed to the injury, the plaintiff is without remedy against one also in the wrong. The converse of this doctrine ought to follow as a necessary corrollary: That when one has been injured by the wrongful act of another, to which he has in no way contributed, he should be entitled to compensation from the wrongdoer, unless the negligence of some one towards whom he stands in the relation of principal or master has materially contributed to the injury. The bailor, we hold, is not the principal or master of the bailee. In N. Y., etc., Co. v. N. J., etc., Co., 60 N. J. Law, 338, 38 Atl. 828, and 61 N. J. Law, 287, 41 Atl. 1116, it was held that in an action by the bailor, who is the owner, against a negligent third party for injury to the property bailed, the negligence of the bailee or his servants or agents is not imputable to such bailor and will not prevent a recovery. This view seems to be sustained by reason and authority. 1 Thompson on Negligence, §§ 499, 512; Van Zile on Bailments and Carriers, § 130; Little v. Hackett, 116 U. S. 366, 6 Sup. Ct. 391, 29 L. Ed. 652; The Bernina, 12 L. R. Pro. Div. 58, s. c. 13 App. Cas. 1.

The judgment of the Circuit Court is reversed, and the cause remanded for a new trial.

## On Rehearing.

PER CURIAM. A re-examination of the questions decided in this case, in the light of the exhaustive briefs filed by the defendant in error, satisfies us that our decision is correct.

The petition for rehearing is denied.