# Paducah Box and Basket Co. v. Parker, By, et al.

(Decided May 11, 1911.)

## Appeal from McCracken Circuit Court.

1. Master and Servant—It is the duty of a master to exercise ordinary care to furnish reasonably safe places for his servants to work.

2. Unprotected Machinery—It was negligence to have, in a factory where girls were employed, an unprotected rapidly revolving shaft that was liable to catch the clothing of employes, when it could have been protected by a casing or guard without impairing its efficiency or interfering with its operation.

3. Servants—Who Are—When a person, who occupies the relation of servant, employs with the consent and approval of the master another to assist him in the performance of the duties he is discharging for the master, the relationship of master and servant is thereupon created between the master and the person so employed, although the person so employed may be compensated by and be under the immediate control of the person employing him.

4. Evidence—The fact that a girl of sixteen testified that she knew a revolving shaft was dangerous, did not bar her right of recovery when it further appeared from her evidence that she did not know or appreciate the tendency of such machinery to create a draft that would draw or twist her apron or dress about it.

BERRY & GRASSHAM, W. A. BERRY and C. C. GRASSHAM for appellant.

DAVID BROWNING, F. E. GRAVES and HENDRICK & CRICE, for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, Ruby Parker, a girl about sixteen years old, was employed in stitching bottoms in wire baskets in the factory of appellant. Ellen Vickers and Clara Tubbs were employes in the factory, operating machines that made the wire baskets, and Ruby Parker, with the consent and approval of the manager of the factory, was employed by them as a helper or assistant. Her principal duties as such assistant were to stitch bottoms on the baskets made on the machines by the two operatives mentioned, but she also rendered any other service to them that they requested. The machines in the factory,

or at least some of them, were run by a shaft extending along the wall about eighteen inches above the floor and the same distance from the wall. Immediately over this shaft was a table on which spools filled with wire were kept for the use of the operatives. On the day Ruby Parker sustained the injuries complained of, she was requested by Clara Tubbs to go to the table and get a spool of wire and bring it to her. In obedience to this request, she went to the table, and while in the act of getting the wire, the rapidly revolving shaft caught her apron, with the result that she was twisted and dragged with great force and violence around the shaft and horribly mangled and bruised. To recover damages for the injuries inflicted, she brought this action against the appellant company, charging that it was guilty of negligence in failing to furnish her a reasonably safe place in which to work, in the particular that it failed to have the shaft protected by a casing or guard.

It is plain from the evidence that this shaft could, without interfering with its efficiency or operation, and with little expense, have been protected by a casing or a guard that would have prevented it from catching the clothing of operatives; and, that the company was negligent in failing to have it so protected, we have no doubt. In factories like this, where girls and women are employed, there is little excuse for leaving unprotected, in places where the operatives in the performance of their duties are required to be or go, machinery like this that is liable at any moment to kill or cripple them, and that can be made reasonably safe without interfering with its efficiency. The appellant company in failing to have this shaft protected or guarded, did not furnish to appellee a reasonably safe place in which to work, and in so failing committed towards her a breach of duty for which it was justly required to respond in damages, as appellee was not guilty of such contributory negligence as would defeat a recovery.

But it is said in argument that appellee should not recover because she was employed by Ellen Vickers and Clara Tubbs and not by the appellant company. There is no merit in this contention. Her employment by these operatives was with the consent and approval of the manager of appellant in charge of its factory, and appellant was under the same obligation to furnish her a

reasonably safe place in which to work as it was to furnish such a place for any other employe. She is to be treated as a servant and extended the same protection. It is not necessary to create the relation of master and servant that the master shall directly employ the servant or that the servant shall be directly responsible to the master, or that the master shall have authority to control his employment, fix his wages, or discharge him. When a person who undeniably occupies the relation of servant, employs with the consent and approval of the master another to assist him in the performance of the duties he is discharging for the master, the relationship of master and servant is thereupon created between the master and the person so employed, although the person so employed may be compensated by and be under the immediate control of the person employing him. The master, by consenting to an arrangement like this, assumes to exercise towards the person so employed the duty that he owes to servants employed by himself. If the rule were otherwise, the master could by conferring upon a servant the authority to employ, compensate and control assistants, relieve himself of the ordinary duties imposed by law upon the master by the relation of master and servant. Thompson on Negligence, section 592.

It is further insisted that as appellee in answer to a question testified that she knew the place where she went to get the wire was a dangerous place, it is, therefore, to be assumed that the voluntarily took the risk of the injury that followed her attempt to get the wire, and, therefore, she could not recover although the place was not reasonably safe. But we do not think the answer to this question is entitled to the importance attributed to it by counsel for appellant. It is apparent from the testimony of appellee that although she knew and so stated that a revolving shaft was a dangerous piece of machinery that she did not know or appreciate the tendency of such machinery to create a draft that would draw and twist her apron or dress about it. In fact, she stated in answer to other questions that she did not know there was any danger of the shaft catching her clothing. It is a well known fact that a smooth, rapidly revolving shaft creates a draft that will draw to it any material such as a dress or apron that comes in close proximity to it, although the garment except for the suction would not touch the shaft. And here lies

the danger to girls and women in coming in proximity to a rapidly revolving shaft. As said by the court in Pullman Palace Car Co. v. Harkins, 5 C. C. A., 326, 55 Fed. Rep., 932, cited with approval in American Tobacco Co. v. Strickling, 88 Md., 500, 69 L. R. A., 909—

"Revolving shafting, it appears, is attended with peculiar and latent danger. It seizes with fatal result the clothing of any person who unconsciously or incautiously comes in contact with it."

Another error assigned is that counsel for appellee was guilty of misconduct in the argument of the case. We have read and considered the argument complained of as improper, and find that in one instance the trial judge admonished counsel when his attention was called to the argument, but that in the other he did not. We think the argument objected to was improper, but do not feel warranted upon a consideration of the whole case in ordering a new trial on this account. The assessment of $4,000 damages in favor of appellee, considering the injuries she received, was very moderate, and as the evidence made out a strong and meritorious case in her behalf, it is apparent that the inflammatory appeals of counsel did not prejudice the rights of the appellant or influence the jury to give to appellee more than she was entitled to recover.

The instructions although criticised in one particular, conform to the law as it has been frequently announced by this court.

Whereupon the judgment is affirmed.