## Postal Telegraph-Cable Company v. Murrell.

### (Decided March 19, 1918.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division.)

1. Contracts—Independent Contractor—Messenger Boy.—Where a messenger boy, who owned his own bicycle and was paid a commission for each message delivered and received, was employed by a telegraph company to deliver and receive messages for it, being told by his employer when and where to go and when to return, but being permitted to exercise his own discretion as to the speed at which he traveled and the route he took, he was the servant of the company and not an independent contractor, and it was liable for his negligence while delivering a message.

2. Appeal and Error—Demurrer—Evidence Supporting Ruling of Court in Sustaining Demurrer.—Generally the sufficiency of a pleading must be determined by an inspection of it, but where a pleading sets out facts stronger than the evidence justifies, it will not be prejudicial error to sustain a demurrer to the pleading when evidence admitted without objection shows that if the demurrer had been overruled the court would have been justified at the conclusion of the evidence in declining to submit to the jury the issue made by the pleading.

A. E. RICHARDS, A. B. BENSINGER and WM. W. COOK for appellant.

HUBBARD & HUBBARD and JAMES W. GARRISON for appellee.

Opinion of the Court by Judge Carroll—Affirming.

The appellee, Mrs. Murrell, while crossing Fourth street at its intersection with Market street in the city of Louisville and at the place in the intersection set apart for foot passengers, was struck and knocked down by a messenger boy riding a bicycle, who at the time was in the employment of the Postal Telegraph-Cable Company. In a suit against the telegraph company to recover damages for the injury sustained, on the ground that the collision was caused by the negligence of the messenger boy, a servant of the company, there was a verdict and judgment in favor of Mrs. Murrell.

On this appeal two grounds are relied on for reversal: First, that there was no evidence of negligence; and, second, that the messenger boy occupied the relation of independent contractor and not that of a servant of the telegraph company, and therefore it was not liable for his

negligence, even should it be assumed that the collision and resulting injury were caused by his negligence.

There is no complaint about the instructions, and the evidence was sufficient to sustain the contention of Mrs. Murrell that while in the act of crossing the street at the place set apart for foot passengers, and at a time when she was exercising ordinary care for her own safety, she was run into and knocked down by the messenger boy, who at the time was operating his bicycle in a negligent and careless manner. Of course there was conflict in the evidence on this issue, as there always is in cases like this, and there might have been a verdict for either party, but the jury who heard the case decided this issue of fact in favor of Mrs. Murrell, and we will not interfere with their finding.

As to the defense that the relation of master and servant did not exist between the telegraph company and Langford, the messenger boy, but that he occupied the attitude of an independent contractor, the trial judge sustained a demurrer to so much of the amended answer as set up that Langford "was employed by this defendant only upon the following terms and conditions, to-wit: He was employed as an independent contractor to collect and to deliver various telegrams tendered to the defendant for transmission or received over its wires in consideration of individual compensation for each individual telegram either collected or delivered by him as aforesaid, at the rate of two cents for each telegram; that this was the sole compensation paid said messenger; that said messenger paid for his own uniform and furnished his own bicycle which he used in the said employment, and paid for the upkeep and repairs thereon, and also paid for his daily lunch. Defendant further states that said messenger was not subject to its direction or control during the collection or delivery of telegrams as aforesaid, but said messenger used his own discretion and volition in said collection and delivery and was responsible to this defendant only for the result of his work, and was not subject to its control as to the means by which the result was accomplished. Defendant states that after said messenger had left its office for the purpose of collecting or delivering any telegram, and particularly the telegram or telegrams collected or delivered by him immediately prior or subsequent to the occurrence set forth in plaintiff's

petition, defendant lost all control over his conduct or actions.''

So that the question is presented, did this amended answer set out a state of facts showing that the relation of independent contractor and not that of master and servant existed, for if it did it was error to sustain a demurrer to the pleading. It will be observed that this pleading admits that the messenger boy was employed by the company to collect and deliver telegrams for it, and states that he received for his services a commission for each telegram delivered and collected; that he paid for his uniform and furnished his bicycle. But it further states that he was not subject to its direction and control in the collection or delivery of telegrams. This averment, however, is necessarily inconsistent with the averment that he was employed by it to collect and deliver telegrams at a stipulated compensation, because he could not very well deliver a telegram without being directed by the company to whom and where to make the delivery, nor could he very well collect a telegram without being directed by the company where to go to get it. And so he must have been under the direction and control of the company in delivering and collecting messages.

It is, however, a fair inference from the pleading that the company did not undertake to regulate the speed at which the messenger boy should travel or the particular course he should take in his journey; but the speed at which he traveled, or the route he took, is not material if in making the trip he was acting for it in the course of his employment.

We are, therefore, of the opinion that the pleading, although skillfully drawn in an effort to make out a case of independent contractor without doing too much violence to the actual facts, failed to show that the relation of master and servant did not exist, and this being so, it was not error to sustain the demurrer.

It is also true that, generally speaking, the sufficiency of a pleading must be determined by an inspection of the pleading itself and without reference to the evidence. But admitting this to be the correct practice, it does not follow that because a pleading is good, that it will be prejudicial error to sustain a demurrer to it when the evidence bearing on the issues presented by the rejected pleading is admitted without objection and shows, as does the evidence in this case, that if the demurrer had been overruled

the court would have been justified at the conclusion of the evidence in declining to submit to the jury the issue attempted to be made by the pleading.

And so we think it not amiss to call attention to the evidence of Janes, the local manager for the telegraph company at the time the accident occurred. He testified, in substance, that on the day in question Langford was employed as a messenger boy by his company, and on that day delivered many messages for it; that he was paid so much for delivering messages and so much for calling for messages, and in no other way; that he owned the bicycle he was riding at the time of the accident and kept it in repair; that he did not attempt to exercise any control over a messenger boy after he left the office to deliver or get a message; that the messenger boys were given messages and sent on errands when their services were needed; that when the boys went to lunch they were under the control of the telegraph company in that they were told when they might go and when to come back; that they were required to have a bicycle, but that the telegraph company had no control over how fast they rode or what they did on the way; that it was concerned only in the fact that they delivered the messages promptly.

Langford said he was working for the telegraph company at the time in question and had delivered a telegram just before the accident and was on his way from the place where the telegram had been delivered to another place where he had instructions to deliver another telegram; and so the accident happened when he was on his way to deliver a telegram.

It will thus be seen that the messenger boy was employed by the telegraph company to deliver and receive messages for it, and when the accident happened was on his way to deliver a message under the terms of his employment. He was told when and where to go and when to return, was paid on a commission basis for his services, and owned the bicycle that he rode. The manner of his payment, however, was immaterial. It makes no difference whether he was paid by the day or week or month, or so much for each message he carried. Nor does the circumstance that he owned and rode his own bicycle in performing this service for the telegraph company affect the question.

He was under the control of the telegraph company in the sense that it directed him when to go, and when to return, and what to do. He had no discretion of his own to exercise, except that he might select the route to be traveled in attending to the business committed to his care, but whatever route he selected, or whatever means of conveyance he adopted, his employer controlled his movements to the extent that it derived certain results therefrom, and the accomplishment of these results consisted in doing what his employer told him to do: Williams v. National Cash Register Co., 157 Ky. 836; Employers' Indemnity Co. of Philadelphia v. Kelly Coal Co., 156 Ky. 74.

Upon the whole case we are satisfied that no error prejudicial to the substantial rights of the telegraph company was committed by the trial court, and therefore the judgment is affirmed.