## Wytheville.

### GEORGE T. JARVIS v. ALFRED WALLACE.

June 12, 1924.

1. MASTER AND SERVANT—*Liability of Master for Negligence of Servant—Ground for Liability.*—The ground upon which the negligence of the servant is imputed to the master is because the master employs and can direct the servant's actions and dispense with his services.

2. MASTER AND SERVANT—*Definition—Servant.*—A servant is a person subject to the command of his master as to the manner in which he shall do his work.

3. MASTER AND SERVANT—*Definition—Master.*—A master is one who not only prescribes the end, but directs, or at any time may direct, the means and method of doing the work.

4. MASTER AND SERVANT—*Relationship of Master and Servant—Relationship of Bailor and Bailee—Truck Driver who Rents Truck from Owner—Case at Bar.*—In the instant case, an action by plaintiff against defendant, the owner of a truck, for damages for injury to plaintiff's automobile growing out of a collision between the truck owned by defendant and plaintiff's automobile, it appeared from uncontroverted evidence that defendant entered into a contract whereby he was to furnish the driver of the truck a truck for the purpose of doing a trucking business, and pay the license taxes. The driver was to furnish gas and oil, keep the truck in good mechanical condition, and had sole authority to make contracts for hauling without consulting defendant, and to collect all moneys for work done by the truck. The driver had exclusive possession and absolute control of the truck, and defendant had no authority over it, or control over the driver. The driver was to pay defendant one-half of the gross earnings of the truck and keep the other half for himself.

   *Held:* That the contract between the driver and defendant was clearly a contract of bailment, and that they did not occupy the relation of master and servant.

5. PARTNERSHIP—*Arrangement between a Truck Driver and the Owner of the Truck—Communion of Interests in Losses—Case at Bar.*—In the instant case defendant agreed to furnish a truck to a driver for the purpose of doing a trucking business. Defendant had no control over the

truck or the driver, who paid defendant one-half of the gross earnings of the truck for its use.·

*Held:* That the contract between defendant and the truck driver did not constitute a partnership, since there was no communion of interests in the losses of the business in which the truck was engaged.

6. INSTRUCTIONS—*Right to Instructions upon Theory of Case—Evidence to Support Theory.*—While it is true that each party is entitled to have the jury instructed upon his theory of the case, yet this right exists only where there is evidence to support such theory.

7. MASTER AND SERVANT—*Relationship of Master and Servant—Evidence to Establish.*—In an action against the owner of a truck for damages arising out of a collision, the statement that the owner said, if he "found he owed him anything," he would pay the same, is no proof that the owner recognized the driver of the truck as his employee, nor did it warrant the jury in believing that the compensation allowed the driver was in lieu of wages. In making the statement the owner evidently had in mind his ownership of the truck, and desired to ascertain whether such ownership would make him legally liable for the injury to plaintiff's car.

Error to a judgment of the Circuit Court of Northampton county, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Mears & Mears,* for the plaintiff in error.

*Chas. M. Lankford, Jr.,* for the defendant in error.

WEST, J., delivered the opinion of the court.

There was a collision between an automobile truck owned by George T. Jarvis and a Maxwell automobile owned by Alfred Wallace. Wallace brought this action against Jarvis to recover damages for the injury to his automobile, and recovered a judgment for $650.00, to which this writ of error was granted.

· According to the uncontroverted evidence, Jarvis became the owner of the truck in June, 1920, and entered into a contract whereby he was to furnish Edward Moore the truck, for the purpose of doing a trucking business, and pay the State license and hauling license tax on the truck. Moore was to furnish all gasoline and oils for the truck and keep it in good mechanical condition. Moore had sole authority to make contracts with whomsoever he saw fit for the hauling of produce and other goods, without consulting Jarvis, and to collect all moneys for work done by the truck. Moore had exclusive possession and absolute control of the truck, and Jarvis had no authority over it, or control over Moore. If he hauled for Jarvis, Jarvis paid him the same Moore would have charged any one else. Moore was to pay Jarvis one-half of the gross earnings of the truck and keep the other half for himself.

At the time of the collision Moore was operating the truck, under this contract.

The plaintiff in error alleges that the court erred in—

(1) Refusing to give instruction No. 7 as offered;

(2) Giving instruction No. 7 with an amendment; and

(3) Refusing to set aside the verdict of the jury as contrary to the law and the evidence.

Instruction No. 7, as offered, reads as follows:

"The court further instructs the jury that if they believe from the evidence that Edward Moore, who was the driver of said truck was the bailee of George T. Jarvis, and that the said Edward Moore had sole control of said truck, and that said George T. Jarvis had nothing to do with the driving and running of the truck, they must find for the defendant."

The court gave this instruction with the following addition: "But if the jury should believe from the evi-

dence that Edward Moore was driving said truck at the time of the collision under an agreement with its owner, that his services in procuring employment for and running the truck was to be compensated by a certain net percentage of its earnings in lieu of wages, then such an arrangement would not constitute Moore a bailee of the truck in the sense that term is used in the first part of this instruction."

The notice of motion for judgment, addressed to George T. Jarvis by the plaintiff, charges that "you, by one Ed. Moore, your agent and servant, who was at the time acting within the scope of his authority and employment, did drive, operate and control a Seldon automobile truck along the cross road, etc."

The first two assignments of error involve the question whether Edward Moore was the agent and servant of George T. Jarvis, or a bailee of the truck, at the time of the collision.

[1] The ground upon which the negligence of the servant is imputed to the master is because the master employs and can direct the servant's actions and dispense with his services.

[2] A servant is a person subject to the command of his master as to the manner in which he shall do his work. *Yewens* v. *Noak*, L. R. 6 Q. B. Div. 532.

[3] A master is one who not only prescribes the end, but directs, or at any time may direct, the means and method of doing the work. *Bailey* v. *Troy & B. R. Co.*, 57 Vt. 252, 52 Am. Rep. 129.

In section 2, volume 1, of Labatt's Master and Servant (2d ed.), the author defines the relation of master and servant, as follows:

"Where one is employed to do certain work for another, who, under the express or implied terms of the agreement between them, is to have the right of exer-

cising control over the performance of the work, to the extent of prescribing the manner in which it shall be executed, the employer is a master, and the person employed is his servant."

[4] It is apparent that George T. Jarvis, the owner of the truck, and Edward Moore, the driver of the truck, did not occupy the relation of master and servant. Moore had absolute possession and control of the truck, made contracts with and hauled for whomsoever he pleased and made all collections for hauling done. Jarvis had no right to say for whom or when Moore should haul or what he should charge for the service. Jarvis' only right was to receive for the use or rental of the truck one-half of its gross earnings so long as Moore used it. Jarvis did.not employ Moore, could not direct his actions and owed him nothing for his services.

The contract between Jarvis and Moore was clearly a bailment.

"The hirer of wagons, or carriages and horses, receiving them into his custody, to be used by him at his pleasure, becomes a bailee, and is in no sense a servant of the owner; he is responsible to the owner for the reasonable care of them, and to third persons for negligence of his servants in the use of them. He is liable to third persons to the same extent as if he were the actual owner of the vehicles and teams used by him." Edwards on Bailments (3d ed.), section 392.

In *Gibson* v. *Bessemer and L. E. Railway Co.*, 226 Pa. 202, 75 Atl. 196, 27 L. R. A. (N. S.) 692, the court said: "In the present case, no driver was furnished, and the hirer assumed the care and control of the horse, there was no relation of master and servant, or of principal and agent, between the hirer and the liveryman, and the latter cannot be held responsible for the negligence of the former."

In *Va. R. & P. Co.* v. *Gorsuch,* 120 Va. 655, 91 S. E. 632, Ann. Cas. 1918-B, 838, this court held that "the negligence of a bailee of property, over whom the bailor is exercising no control at the time of the injury, is not imputable to the bailor." Citing *Sea Ins. Co.* v. *Vicksburg S. & P. R. Co.,* 159 Fed. 676, 86 C. C. A. 544, 17 L. R. A. (N. S.) 925; *Currie* v. *Consolidated Ry. Co.,* 81 Conn. 383, 71 Atl. 356; Van Zelle on Bailment and Carriers (2nd ed.), sec. 119; 3 R. C. L. 147; and the *Gibson-Bessemer Case, supra.*

To the same effect is Dobie on Bailment and Carriers, section 51, pages 116 and 117.

[5] The contract between Jarvis and Moore did not constitute a partnership, since there was no communion of interest in the losses of the business in which the truck was engaged. In *Boyer* v. *Anderson,* 2 Leigh (29 Va.) 550, where B. owned a public ferry and leased it to F. for two years, in consideration of $1,000.00 paid in cash, with an agreement between them that if the net profits of the ferry did not yield F. $2,000.00 within two years, the surplus should be divided equally between them, the court held that the contract did not constitute a partnership between B. and F. in the ferry, and that B. was not liable for losses by negligence at the ferry during the term of F.'s tenancy.

[6] It is true that each party is entitled to have the jury instructed upon his theory of the case. But this right exists only where there is evidence to support such theory.

In the instant case, the record is silent as to any facts or circumstance which would warrant the jury in finding that Moore was a servant or employee of Jarvis and not a bailee of the truck.

[7] We cannot concur with the contention of the appellee that the statement in the evidence of defendant

in error, that Jarvis said, if he "found he owed him anything," he would pay same, is proof that Jarvis recognized Moore as his employee, or could justify the jury in believing that the compensation allowed Moore was in lieu of wages.

Jarvis evidently had in mind his ownership of the truck, and desired to ascertain whether such ownership would make him legally liable for the injury to the Maxwell car.

There being no evidence to support the amendment to instruction No. 7, or to support a verdict against the plaintiff in error, the verdict and judgment will be set aside and a final judgment in his favor entered here.

*Reversed.*