## Tackett v. Inland Steel Co. et al.

Jan. 16, 1940.

314

Wheeler & Wheeler for appellant.

J. Woodford Howard for appellee Inland Steel Co.

E. L. Allen for other appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On September 28, 1935, Arthur Tackett was injured in an automobile accident in Floyd County. He was driving an automobile on the road from Wheelwright to Martin, accompanied by his wife, Rhuie Tackett, and his daughter, Eloise Tackett, when the accident occurred. On a curve near the town of Martin he met an ambulance driven by H. B. Sims. The two cars collided, and the three occupants of the Tackett car were injured. Each of them brought an action against the Inland Steel Company and the Beaver Valley Hospital to recover damages on the theory that Sims, the driver of the ambulance, was the agent or servant of the two defendants. The three cases were heard together below, but separate appeals have been prosecuted. At the conclusion of plaintiff's evidence the motion of the Inland Steel Company for a directed verdict in its favor was sustained in each of the cases, and the petitions were dismissed as to it. At the conclusion of all the evidence the court sustained the motion of the Beaver Valley Hospital for a directed verdict in its favor in each of the cases. On this appeal it is argued on behalf of appellant, Arthur Tackett, that H. B. Sims was the servant and agent of the Inland Steel Company and the Beaver Valley Hospital, and the trial court erred in sustaining the respective motions of the defendants for a peremptory instruction.

The Inland Steel Company owns and operates a large coal mine at Wheelwright in Floyd county. It has about 900 employees. A large number of residents of Wheelwright and vicinity, including a majority of the employees of the Inland Steel Company, organized an association, known as the Wheelwright Employees' Association, for the purpose of furnishing medical and hospital services to the members and their families. Married members paid $1.50 monthly dues, and unmarried members paid $1 monthly. The dues of the members who were employees of the Inland Steel Company were deducted from the employees' wages by the company and paid to the association. The dues of members

who were not employees of the Inland Steel Company were paid direct to the association. The evidence shows that the company had no control over and no connection with the association. Its act in deducting the dues of its employees from their wages and paying same to the association was by agreement with its employees, and was done for the convenience of its employees and the association. The Beaver Valley Hospital was owned and operated by a number of physicians and surgeons, who entered into a contract with the Wheelwright Employees' Association by the terms of which members of the association and members of their families were to receive hospitalization and medical treatment for a certain fixed sum to be paid to the hospital monthly by the members of the association. An ambulance owned by the hospital was turned over to the association, and was kept by it at Wheelwright and used to transport patients to and from the hospital at Martin, a distance of about 20 miles. The association employed the driver of the ambulance, and paid for all repairs and operating expenses. There is no proof that the hospital exercised any control or supervision over the ambulance or its driver.

On Sunday, September 28, 1935, a young boy, a son of an employee of the Inland Steel Company, was injured at Wheelwright. His father was a member of the Wheelwright Employees' Association. The boy was taken to the Beaver Valley Hospital at Martin in the ambulance operated by the association, and it was on the return trip that the accident happened in which appellant was injured. Most of the evidence was directed to the question of negligence on the part of the driver of the ambulance, and to the nature and extent of the injuries received by the plaintiff. Only one witness was introduced by plaintiff in an effort to establish any duty on the part of the defendants with respect to the operation of the ambulance at the time of the accident. This witness was Robert Miller, who was an employee of the Inland Steel Company and a member of the Wheelwright Employees' Association. He testified that the association, through a committee, entered into a contract with the Beaver Valley Hospital for hospitalization and medical treatment of its members and members of their families, and maintained at Wheelwright an ambulance for the purpose of transporting patients to and from the hospital. The association had complete custody and control of the ambulance, employed the driver, and paid

for all repairs, and operating expenses. Neither the Inland Steel Company nor the Beaver Valley Hospital had anything to do directly or indirectly with the employment of the driver, nor did either of them have any control over the operation of the ambulance. H. B. Sims, driver of the ambulance, testified that he was employed and paid by the association, and that neither the Inland Steel Company nor the Beaver Valley Hospital exercised any control over the operation of the ambulance. The Inland Steel Company operated under the Workmen's Compensation Act, Kentucky Statutes, Section 4880 et seq., and when one of its employees was injured in the course of his employment and needed hospitalization, which it was its duty to furnish, it would employ the Wheelwright Employees' Association to transport him to the hospital. It was under no duty, however, to furnish an ambulance for members of its employees' families. That duty was assumed and performed by the Employees' Association. The plaintiff's own proof established conclusively that neither of the defendants occupied a relationship to the driver of the ambulance that would render it liable for his negligence.

Appellant argues that Sims, as driver of the ambulance, was the servant of the Inland Steel Company and the Beaver Valley Hospital even though he was employed and paid by another, and he cites and relies upon Paducah Box & Basket Company v. Parker, 143 Ky. 607, 136 S. W. 1012, 43 L. R. A., N. S., 179; Keen's Adm'r v. Keystone Crescent Lumber Company, Ky., 118 S. W. 355; Postal Telegraph-Cable Company v. Murrell, 180 Ky. 52, 201 S. W. 462, L. R. A. 1918D, 357, and Adams Express Company v. Schofield, 111 Ky. 832, 64 S. W. 903, 23 Ky. Law Rep. 1120, but none of these cases is in point. In Paducah Box & Basket Company v. Parker, supra, the defendant was held liable for injury to a person who had been employed by the defendant's servant to assist him. The employment of the injured person was with the master's consent. In Keen's Adm'r v. Keystone Crescent Lumber Company and Postal Telegraph Cable Company v. Murrell, supra, the question was whether the injured party was a servant or an independent contractor. In Adams Express Company v. Schofield, supra, the question was whether the negligent party was an employee or an independent contractor, and the proof showed that he was in the employ of the defendant, was subject to its orders, and was transacting its business at the time of the accident. Necessarily

the court found that the relationship of master and servant existed.

The test of the relationship of master and servant or employer and employee is the right of control on the part of the alleged employer. McCoy v. Griffith, 196 Ky. 406, 244 S. W. 871; Corbin Fruit Company v. Decker, 252 Ky. 766, 68 S. W .(2d) 434; Slusher v. Hubble, 254 Ky. 595, 72 S. W. (2d) 39. In American Savings Life Insurance Company v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115, 117, it was said:

"A servant is a person subject to the command of his master as to the manner in which he shall do his work, and the master is the one who not only prescribes the work but directs, or may direct, the manner of doing the work. Bowen v. Gradison Construction Company, 236 Ky. 270, 32 S. W. (2d) 1014; Jarvis v. Wallace, 139 Va. 171, 123 S. E. 374. A master within the doctrine of respondeat superior is the one who cannot only order the work, but also how it shall be done. Carter v. King County, 120 Wash. 536, 208 P. 5. The doctrine applies only where the relationship of master and servant exists at the time and in respect to the thing causing the injury, and from which it arose (Tilburne v. Burton, 86 Cal. App. 627, 261 P. 334; Martin v. Greensboro-Fayetteville Bus Line, 197 N. C. 720, 150 S. E. 501; Kennedy v. Wolf, 221 Ky. 111, 298 S. W. 188), and then only when the one sought to be charged has some right in some way to control the conduct of the party having caused the injury."

The evidence fails to show that either of the defendants had any right of control over the driver of the ambulance, and the trial court properly sustained the motion of each for a directed verdict in its favor.

The judgment is affirmed.

Jan. 16, 1940.

Wheeler & Wheeler for appellant.

J. Woodford Howard for appellee Inland Steel Co.

E. L. Allen for other appellee.