FARMERS' NAT. BANK OF MT. STERLING *v.* WILKERSON & JONES, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—351.]

**Acceptance of Note as Payment.**

In a suit on a note where the defense is payment by the acceptance of another note, an instruction is erroneous where the jury is told that: "If they believe from the evidence that Henry Jones, Jr. (a defendant), paid and took up any part of the note in controversy they must find for the defendants a credit for the amount so paid." It was improper to leave the jury to decide what constituted payment.

**Judgment, Notwithstanding Verdict.**

A judgment cannot be lawfully demanded, notwithstanding the verdict, where the pleadings present an issue upon the merits and the testimony is conflicting.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 27, 1880.

OPINION BY JUDGE HINES:

The only issue joined by the pleadings in this case is whether the appellant bank agreed to and did accept the note for $250 with the interest paid thereon, of Jones, Jr., and Jones, Sr., as a payment *pro tanto* on the note declared on in the petition, with the condition that the remainder thereof should be secured by the copartner, Wilkerson, executing a note therefor and paying the interest thereon as Jones, Jr., and Jones, Sr., claim to have done.

By instructions two and three, taken together, the issue was fairly presented to the jury, and they were directed to find the facts from the evidence. We do not think that instruction No. 3 assumed the facts named in it to have been proven.

But instruction No. 1, in which the jury were told, "If they believed from the evidence that Henry Jones, Jr., paid and took up any part of the note in controversy they must find for the defendants a credit for the amount so paid" is abstract, too general, and not appropriate to the issue formed by the plea in this case. It was not proper to leave the jury to decide what constituted payment, as this instruction does. We would not reverse for the error indicated, but as the case must be reversed for other reasons we think it proper to point out the impropriety and hazard of this instruction.

Against appellant's objections the appellees were allowed to prove that Jones, Jr., had dealings before with William Mitchell as cashier, and got money on notes, and never knew of them being submitted to any board, and got the money when the notes were given. How such statements could throw any light upon the issue as presented we are unable to see. They do not establish a universal custom consented to by the bank, or prove that its cashier had any authority to accept the note left with him by Jones. What Mitchell did in other cases does not prove or tend to prove that he was unauthorized by the appellant to do so in this case, unless he is shown then to have acted within the scope of his authority, which was similar to that he exercised at the time Jones claims that appellant accepted the note.

As to the evidence of the insolvency of Jones, Sr., we think that was competent because it tended to fix a motive that might operate upon appellant in refusing to accept the note after the insolvency was known. It was also proper to allow appellees to prove that ap-

pellant got most of his property for the purpose of showing knowledge of his insolvency upon the part of appellant, but for nothing else.

The court properly overruled the motion for a judgment *non obstate veredicto* against Jones, Jr., and Jones, Sr., because there was no verdict rendered for or against them. It was the duty of the court to require the jury to render a verdict for or against them, or determine whether they could agree upon a verdict as to them.

This is not a case in which judgment can be lawfully demanded, notwithstanding the verdict, because the pleadings present an issue upon the merits, and the testimony is conflicting. Sec. 386, Civil Code; *Minor v. Kelly,* 5 T. B. Mon. 272. The jury were discharged without rendering a verdict between appellant and Jones, Jr., and Jones, Sr., and the case stands as if the jury had disagreed, announced it and were discharged.

For the errors indicated the judgment is *reversed* and cause remanded with directions to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.

*R. Reid, for appellant.  W. H. Holt, for appellees.*