## Leachman v. Belknap Hardware & Mfg. Co.
(Decided June 18, 1935.)

MILBY & HENDERSON for appellant.

JOHN G. HEYBURN, NOGGLE & GRAHAM and PETER, HEYBURN, MARSHALL & WYATT for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The determinate question here presented turns on the construction of a written contract of the Belknap Hardware & Manufacturing Company employing William Leming as a salesman for a period of one year.

We adopt the synopsis of the contract, as it is contained in the appellant's T. Z. Leachman's brief. It reads:

"The company agrees to pay salesman $100.00 per month, etc.

"The compensation is based upon the salesman making acceptable sales with bonus for sales above certain amounts.

"The company agrees to pay such traveling expenses as are authorized under the rules of the company * * * printed in the expense book and incurred by the salesman while actually engaged in the company's business.

"The salesman agrees to work and live in whatever territory may from time to time be assigned to him by the company, and to make his headquarters at whatever place the company may designate.

"The salesman agrees to devote his entire time to the interest of the company during the life of the contract.

"The salesman assumes full responsibility for samples turned over to him.

"The salesman agrees at his own expense to carry such automobile and/or other liability insurance, as may, in the opinion of the company, be necessary to protect the salesman and the company from liabilities for personal injuries or property damage to any other person, firm or corporation, caused by or arising out of the operation of an automobile by the salesman, the salesman and company to be designated as the assured, and not to be canceled without notice to the company.

"The salesman agrees that in all cases not expressly covered by the terms of the contract, to be governed by the current rules, regulations and policies of the company, including those outlined in the current expense book.

"The right is given the company to discharge the salesman upon notice."

While operating in Green county, Ky., his own car in the trade or profession of a salesman in pursuance to this contract, the car and Leachman's truck collided,

"thereby demolishing" the latter. Alleging in his petition that at the time of the collision, Leming, "as agent and employee" of the Belknap Hardware & Manufacturing Company, "then and there engaged upon its business, negligently and carelessly operated a motor vehicle used in the conduct of its business and under its direction and control on the highway and caused the same to collide with" his truck, which he alleged was of the value of $600, he sought to recover this sum of the Belknap Hardware & Manufacturing Company. It traversed the petition and affirmatively pleaded that Leming, at the time of the collision, "was in effect an independent contractor, with this relation to his employment and that the relation of master and servant did not exist"; he "was employed by the defendant as a salesman to sell its goods in a specific territory, including Green County, Kentucky, with no schedule regulating or attempting to regulate the time and manner in which he could cover the territory or to specify where he should be at any particular time"; that it "did not direct him to make the journey in which he was engaged upon at the time of the accident complained of in the petition."

The trial court overruled a demurrer to this affirmative defense. Leachman elected to stand by his demurrer and declined to plead further. The court dismissed his petition, and from this order he appeals. He is here arguing that the correct interpretation of the contract establishes the relation of master and servant and not that of an independent contractor between Leming and the Belknap Hardware & Manufacturing Company, and that it controls the affirmative allegations of the answer. The Belknap Hardware & Manufacturing Company contends contrariwise.

Leming and the Belknap Hardware & Manufacturing Company cite and rely upon, substantially, the same authorities to sustain their respective insistence. They disagree mostly in the application of the principles enunciated in the cases cited to the facts set forth in the answer, and contained in the contract between Leming and the Belknap Hardware & Manufacturing Company. While Leachman argues that the contract must control the affirmative allegations of the answer, he entirely fails to point out any conflict between them, and we discern none.

In American Savings Life Ins. Co. et al. v. Rip-linger, 249 Ky. 8, 60 S. W. (2d) 115, 117, we said:

"A servant is a person subject to the command of his master as to the manner in which he shall do his work, and the master is the one who not only prescribes the work but directs, or may direct, the manner of doing the work. Bowen v. Gradison Const. Co., 236 Ky. 270, 32 S. W. (2d) 1014; Jarvis v. Wallace, 139 Va. 171, 123 S. E. 374. A master within the doctrine of respondeat superior is the one who cannot only order the work, but also how it shall be done. Carter v. King County, 120 Wash. 536, 208 P. 5. The doctrine applies only where the relationship of master and servant exists at the time and in respect to the thing causing the injury, and from which it arose (Tilburne v. Burton, 86 Cal. App. 627, 261 P. 334; Martin v. Greensboro-Fayettville Bus Line, 197 N. C. 720, 150 S. E. 501; Kennedy v. Wolf, 221 Ky. 111, 298 S. W. 188), and then only when the one sought to be charged has some right in some way to control the conduct of the party having caused the injury (Trachtenberg v. Castillo [Tex. Civ. App.] 257 S. W. 657)."

Also, we stated the rule in the Riplinger Case, that whether the relationship is one of master and servant, or of employer and independent contractor, is not to be determined by a general rule of law, but by the facts in the case. The master is liable for the servant's act where the master-servant relation existed at the time of the happening of the accident causing the injury, and the master had the right of control. The test is whether there was authority for doing the act causing the injury. Where one represents another only as to the result of his work, and not as to the means whereby it is to be accomplished, he is an independent contractor, for whose negligence or wrongdoing such other is not liable.

In the case of Salmon v. Kansas City, 241 Mo. 14, 57, 145 S. W. 16, 29, 39 L. R. A. (N. S.) 328, the following clear statement and definition of the status of an independent contractor was stated thuswise:

"To obtain the shield of an independent contractor, the owner or proprietor must: First, select 'a competent and fit person,' engaged in an independent calling; second, the work committed to him must

be neither 'attended with danger to others' nor unlawful; third, the contractor must be allowed to do the work according to his own methods and only subject to control by the owner 'as to the results of his work.' Without the concurrence of each and all of these conditions, the condition of independent contractor cannot legally exist.''

The affirmative allegations of the answer as well as the contract establish beyond cavil, doubt, or question that Leming was an independent contractor within this statement of principles. Manus v. Kansas City Distributing Corp. (Mo. App.) 74 S. W. (2d) 506.

In the Riplinger Case, we cited a number of cases in which was determined adversely to Leachman, involving the liability of an employer of a traveling salesman for an injury sustained by a third person, while the salesman was engaged in his trade or profession in carrying out his contract of employment. Manus v. Kansas City Distributing Corp. supra, was an action of this character.

In the Riplinger Case, we said:

''* * * a salesman * * * or other person who is his own master in respect to the time he shall devote to the business of the employer, such as soliciting or making sales, using his own automobile, or other vehicle, or the vehicle of another, in the pursuit of the employer's business, but the employer is without right to direct the manner in which he shall control its use, the employer is not liable in such case for damages inflicted by the employee's negligent driving of the car or other vehicle.''

Leming ''was a competent and fit person, exercising an independent occupation, not in itself unlawful or attendant with danger to others, according to his own methods without his being subject to control, except as to the result of his work * * *.'' The relationship between him and the Belknap Hardware Company was, at the time Leachman's truck was damaged, that of an independent contractor, and not that of a servant.

The judgment overruling the demurrer and dismissing the petition is in harmony with this view.

Wherefore the judgment is affirmed.

Whole court sitting.