## Grocers Biscuit Co. et al. v. Hinton.

(Decided June 9, 1936.)

RODES & HARLIN and WOODWARD, DAWSON & HOBSON for appellant Grocers Biscuit Co.

STOUT & HERDMAN for appellant Harry L. Cheaney.

RODES K. MYERS and W. R. GARDNER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing in part and affirming in part.

Robert H. Hinton has recovered judgment against the Grocers Biscuit Company, a corporation, and Harry L. Cheaney for $800 as damages for personal injuries and injuries to his automobile resulting from a collision between his automobile and one owned and driven by Cheaney. The Grocers Biscuit Company and Cheaney are appealing.

The petition alleged that at the time of the accident, Cheaney was an employee of the Grocers Biscuit Company and in the discharge of his duties as its employee as traveling salesman, acting as its agent and servant and doing what he had been directed to do by it. In an amended petition the duties of any person operating an automobile on a highway of the state of Tennessee under the laws thereof were set out, and were pleaded and relied upon as supporting his right of recovery.

The answer of the Grocers Biscuit Company traversed the allegations of the petition, and in a second paragraph pleaded contributory negligence, and in a third paragraph affirmatively alleged that at the time of the accident Cheaney was operating his own automobile and that the Grocers Biscuit Company had no control or power to direct the manner in which the automobile should be operated by him; that he operated it for himself exclusively without being subject to the orders or directions of the Grocers Biscuit Company. At the close of the evidence the Grocers Biscuit Company made a motion for a peremptory instruction in its favor which was overruled.

The accident occurred in Tennessee in or near the town of Waverly. Mr. and Mrs. Hinton and Mrs. Eubank, a friend of the family, and Robert Thomas, a

grandson of Mr. Hinton and who was driving the automobile, were leaving Waverly and Cheaney was coming in his automobile from the opposite direction. Mr. Hinton and the other occupants of his automobile testified that they were driving over to the extreme right side of the road as they were traveling, and that when Cheaney's car first appeared around the curve some distance away, he was driving on the opposite side, but that as he neared them his car began to swerve over in their direction and struck their automobile, inflicting the injuries and damages complained of. There was no evidence whatever to indicate any carelessness or negligence upon the part of the driver of Mr. Hinton's automobile. Robert Thomas testified that after the accident Mr. Cheaney told him he was trying to adjust his sun visor at the time the accident occurred. Mr. Cheaney did not attempt to excuse himself, except to say that he was driving facing the afternoon sun and had kept his sun shade adjusted so as to protect his eyes, until he rounded the curve, when the sun glared into his face and so absolutely blinded him that before he could stop the cars collided, but he was unable to tell how it happened.

Counsel for appellant make no contention that the verdict is excessive or that it was not in entire accord with the weight of the evidence so far as the alleged negligence is concerned. They only ask a reversal of the judgment as to the Grocers Biscuit Company on the ground that in the operation of his automobile at the time and place of the accident, Cheaney was not under the direction or control of the company but was an independent contractor, and therefore it was not liable for any of the alleged negligence upon his part.

Cheaney was the only witness introduced by appellant, and his evidence concerning the nature, character, and terms of his employment is uncontradicted. According to his evidence he had been selling the products of the Grocers Biscuit Company for two or three years under an oral agreement whereby he received 13½ per cent. commission on all orders which were accepted by the company. He received an advancement of $50 per week for expenses, which was deducted from his commissions. He owned his own automobile, paid

his own expenses, and while he could sell anywhere in the state of Tennessee, he confined his activities to counties accessible to Bowling Green where he lived. He testified that when he made the agreement with a representative of the Grocers Biscuit Company nothing was said about the time he would devote to the business, but that he understood that he was to and did devote all his time to it; that he was not subject to the direction or control of the company as to when or where or how he went or as to prospects or customers upon whom he would call, except that the company would at times request him to call upon delinquent customers to collect bills; however, he was not on such a mission at the time of the accident, but was going to Waverly in his usual course of business to call upon his regular customers. He further testified that there was no requirement as to where he should live nor as to his liability as to sample cases or samples furnished him; that he was to be controlled by prices furnished by the company and to take orders that were acceptable; that the company had the right to terminate his employment at any time.

Counsel for appellant cite and rely on the case of Leachman v. Belknap Hardware & Mfg. Co., 260 Ky. 123, 84 S. W. (2d) 46, 48, which manifestly is conclusive and determines the question presented adverse to appellee. In that case the Belknap Hardware & Manufacturing Company had employed William Leming under a contract which in substance provided that the salesman was to receive $100 per month based on acceptable sales with a bonus for sales over a certain amount, the company to pay such traveling expenses incurred by the salesman while actually engaged in its business as were authorized under its rules. The salesman was to live in whatever territory assigned him and to make headquarters wherever the company might designate, devote all his time to the interests of the company, and assume full responsibility for samples turned over to him; carry at his own expense such automobile insurance as might in the opinion of the company be necessary to protect it and the salesman from liability for personal injuries, etc., to others arising out of the operation of the automobile by him with both the salesman and company designated as assured in the

policy. In all cases not expressly covered by the contract, the salesman was to be governed by the rules, regulations, and policies of the company, including those outlined in the current expense book. The right was reserved to the company to discharge the salesman upon notice. While operating his own automobile in the furtherance of his business as salesman under the contract, the car came in collision with a truck of Leachman's and the latter sought to recover damages for the injuries to his car, alleging in substance that Leming was the agent and employee of the Belknap Hardware & Manufacturing Company and was operating his automobile under its direction and control. The company in addition to a traverse of the petition affirmatively alleged in substance that Leming was an independent contractor and was employed by it as a salesman to sell goods in a specified territory, with no schedule regulating the time or manner in which he was to cover the territory or specifying where he should be at any particular time, and that it did not direct him to make the journey he was on at the time of the accident. The court overruled a demurrer to this affirmative pleading, and Leachman declining to plead further, his petition was dismissed. In the course of the opinion it was said:

> "Affirmative allegations of the answer as well as the contract establish beyond cavil, doubt, or question that Leming was an independent contractor within this statement of principle."

The principle referred to was the following quoted from American Savings Life Ins. Co. et al. v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115, 117:

> "A servant is a person subject to the command of his master as to the manner in which he shall do his work, and the master is the one who not only prescribes the work but directs, or may direct, the manner of doing the work. Bowen v. Gradison Const. Co., 236 Ky. 270, 32 S. W. (2d) 1014; Jarvis v. Wallace, 139 Va. 171, 123 S. E. 374. A master within the doctrine of respondeat superior is the one who cannot only order the work, but also how it shall be done. Carter v. King County, 120 Wash. 536, 208 P. 5. The doctrine applies only where the relationship of master and servant

exists at the time and in respect to the thing caus-
ing the injury, and from which it arose (Tilburne
v. Burton, 86 Cal. App. 627, 261 P. 334; Martin v.
Greensboro-Fayetteville Bus Line, 197 N. C. 720,
150 S. E. 501; Kennedy v. Wolf, 221 Ky. 111, 298
S. W. 188), and then only when the one sought to
be charged has some right in some way to control
the conduct of the party having caused the injury
(Trachtenberg v. Castillo [Tex. Civ. App.] 257
S. W. 657). * * *

"A salesman * * * or other person who is his
own master in respect to the time he shall devote
to the business of the employer, such as soliciting
or making sales, using his own automobile or other
vehicle, or the vehicle of another, in the pursuit of
the employer's business, but the employer is with-
out right to direct the manner in which he shall
control its use. The employer is not liable in such
case for damages inflicted by the employee's negli-
gent driving of the car or other vehicle."

The Leachman and Riplinger Cases, supra, are in
harmony with the weight and trend of authority. See
Aldrich's Adm'r v. Tyler Grocery Co., 206 Ala. 138,
89 So. 289, 17 A. L. R. 617, and annotations; James
v. Tobin-Sutton Co., 182 Wis. 36, 195 N. W. 848, 29
A. L. R. 457. However there is a respectable author-
ity holding to a different view. See Dishman v. Whit-
ney, 121 Wash. 157, 209 P. 12, 29 A. L. R. 460.

Domestic cases cited and relied on by appellee are
Postal Telegraph-Cable Co. v. Murrell, 180 Ky. 52,
201 S. W. 462, L. R. A. 1918D, 357; Williams v. National
Cash Register Co., 157 Ky. 836, 164 S. W. 112, 114;
and Jahn's Adm'r v. Wm. H. McKnight & Co., 117
Ky. 655, 78 S. W. 862, 25 Ky. Law Rep. 1758. In the
former the employee was a messenger boy who owned
and maintained the bicycle used in delivering messages
for the company. He was under the control of the com-
pany as to when and where he should go and when
he should return, but in delivering messages selected
his own route. At the time the injury complained of
occurred he was on his way to deliver a telegram under
the direction of his employer. In the Williams Case
the accident out of which the action grew occurred
while he was operating his automobile in delivering a

cash register for the company. Summing up the facts disclosed by the record in that case, it was said "the company practically reserved to itself the complete control over the details of the work." The McKnight Case may be as easily distinguished and is even more favorable to appellant.

A comparison of the facts and circumstances developed in this case with those of the Leachman Case will at once reveal a much stronger case for the Grocers Biscuit Company than was made for the Belknap Hardware & Manufacturing Company. Therefore, in the light of the Leachman Case and the other authorities cited which follow the same trend, it is obvious that the court erred in overruling the motion of appellant Grocers Biscuit Company for a directed verdict in its favor.

It is further contended by counsel for appellee that his right of recovery is controlled by the law of Tennessee and not by the laws of Kentucky and other jurisdictions. To sustain their allegations respecting the law of Tennessee, appellee took the deposition of an eminent attorney engaged in practice at Nashville in that state. Without going into detail, this witness stated that basically there is little difference between the laws of Tennessee and those of other states respecting negligence, and this evidence indicates that to impose liability under the laws of Tennessee in cases of this character it would be essential to show the relationship of master and servant or principal and agent between the company and the driver of the automobile, and that the driver was at the time acting in the interest of the company and within the scope of his employment. The Tennessee cases cited are not out of harmony with cases from this court. On the question of independent contractor he cited a number of cases which he stated defined "independent contractor" as,

> "One who contracts to do a piece of work according to his own methods and without being subject to the control of his employer and except as to the result of his work,"

and continuing said:

> "All these cases refer to construction or building work wherein a certain job is to be done upon cer-

tain plans or specifications embodied in the contract, without any control by the owner as to the method employed in the doing of said work.''

He further stated that he had not been able to find any case in Tennessee where a status of independent contractor was set up by the court except contracts involving physical construction or erection work and had found none where a salesman, whether on commission or salary, was classified as an independent contractor. We find, however, in the case of Income Life Insurance Company v. Mitchell, 168 Tenn. 471, 79 S. W. (2d) 572, 573, the Supreme Court of Tennessee held that an insurance agent working under a yearly contract on commission over whom the company had no control as to where he worked or the time he put in, and who was required to report to the company only once a week and pay in his collections less his commission, was an independent contractor. This case cites with approval American Savings Life Ins. Co. v. Riplinger, supra. In fairness to counsel who gave the deposition, it should be said that the deposition was given on February 25, 1935, and the Mitchell Case was decided two days theretofore, and since he had no part in the case it is manifest he knew nothing of the decision at the time.

For the reasons indicated, the judgment as to Cheaney is affirmed, and the judgment as to the Grocers Biscuit Company is reversed and cause remanded for proceedings consistent with this opinion.