# Pike-Floyd Coal Co. v. Spears et al.

(Decided March 8, 1938.)

W. P. MAYO, J. W. HOWARD and V. C. McDONALD for appellant.

W. W. BARRETT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

While engaged in cutting timber for the Pike-Floyd Coal Company, A. J. Spears was struck and killed by a falling tree, and his wife, Elizabeth · Spears, was awarded compensation at the rate of $12 per week for 335 weeks, the whole amount not to exceed $4,000. The Pike circuit court affirmed the award, and the propriety of that judgment is challenged by this appeal.

Appellant's main defense is that A. J. Spears was an independent contractor. In support of this position we are referred to the following evidence: George Maynard, who was working with Spears at the time of his death, deposed that Spears engaged his services, but sent him to B. C. Burke, the company's outside foreman, for his employment card. He and Spears· agreed on his wages until the code went into effect. He thought that Spears furnished the axes, saws, and other tools they used. He took his orders from Spears, who told him what timber to cut, and directed the whole thing. B. C. Burke, the outside foreman, testified that Spears did piecework for a certain amount of money, and, when they got the ties and timbers in, they estimated the amount of money coming to Spears. Spears kept account of the hours of the boys there, and their money was deducted from the money going to him. Spears' team was on the job, but he did not know which team

**did the work.** Spears furnished his own equipment, saws, axes, wedges, etc. In computing Spears' time, they included the team he had working on the job, and the team was computed at the rate of 50 cents or 60 cents, whatever that amounted to. He would see Spears twice a month and give him orders. Spears would then go into the woods and fill the order himself. He paid no more attention to the matter after he had asked for the timber other than to see Spears every half month. The argument is that the foregoing evidence shows that Spears furnished his own tools and his own team, that he performed the work either in accordance with his own ideas or according to the plans given him previously by the foreman, and that the foreman exercised no control whatever over the manner of doing the work. It may be doubted if the foregoing evidence, standing alone, would be sufficient to show that Spears was an independent contractor. Whether the relation of master and servant exists turns not on the actual exercise of control, but the right to control. W. T. Congleton Company v. Bradley, 259 Ky. 127, 81 S. W. (2d) 912. There was no showing that Spears was engaged to do a specific piece of work. On the contrary, he was engaged generally in cutting timber for appellant. It is true that the foreman did not go into the woods with him and direct the manner of doing the work, but the foreman never testified that he did not have the right to go into the woods and take entire charge of the work. But, aside from all this, the following evidence was before the board: Spears signed an employment card. Before his employment was approved by the superintendent he was required to take a medical examination. He was charged with the regular doctor's bills, the same as the other employees. He was charged with union dues. Deductions were made from the money coming to him for hospital and burial dues, and for house rent and coal, the same as the other employees. There was turned into the company, not a specific amount due him as a contractor, but the number of hours and the price per hour during the time he worked. The accident and the death were reported to the Workmen's Compensation Board. In the circumstances it hardly can be said that there is an entire absence of evidence tending to support the board's finding that Spears was an employee of appellant and not an independent contractor.

The further point is made that the amount of the

494

award has no support in the evidence. It may be conceded that that was the situation when appellant's brief was filed, but since that time there has been filed a certified copy of appellant's pay roll covering the earnings of Spears from March 1, 1934, to April 30, 1935, and it cannot be doubted that his earnings were sufficient to authorize the award.

Judgment affirmed.