## Browns, Bell & Cowgill v. Soper et al.

June 3, 1941.

Davis, Boehl, Viser & Marcus for appellant.

Leslie W. Morris and Marion Rider for appellees

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Affirming.

On August 18, 1936, appellee's deceased husband received injuries in an automobile accident from which he died. At the time of the accident he was a commission salesman for appellant, Browns, Bell & Cowgill, incorporated. Appellee filed a claim for compensation before the Workmen's Compensation Board. Appellant defended on the ground that at the time of his injuries the deceased was an independent contractor and not an employee. The Compensation Board through one of its referees found that Mr. Soper was an employee of defendant at the time of the accident and awarded compensation in the amount of $4,000, in addition to $120 for doctors, hospital and nurses' bills and the sum of $75 for burial expenses.

On review, the full board sustained the finding of the referee and approved the award. On appeal from the full board review, the Fayette circuit court affirmed the award. Hence this appeal.

We will first consider the complaint of appellant that the Fayette circuit court was in error in holding that the stockholders of the defendant corporation were incompetent to testify for the corporation as to transactions with the deceased under section 606, subsection 2 of the Civil Code of Practice. It is conceded by appellant that in general said subsection is applicable to the testimony of stockholders testifying for a corporation because they would benefit from their own testimony; but it is contended that the rule has no application to the present case because (1) the appellant is only the nominal defendant and the real party in inter-

est is the appellant's insurance carrier; and (2) because this is an action for death by negligent or tortious acts and comes within the exception contained in subsection 2.

We think it immaterial that appellant is indemnified by insurance since it is primarily liable for the compensation, and being primarily liable, the stockholders have a pecuniary interest in the outcome of the action. A judgment against the insured in cases of this character is not in itself binding on the insurance carrier. The latter may defend an action on the insurance policy upon grounds which would not be available as a defense to the action against the insured. It is apparent therefore that the insured, not the insurer, is the real party in interest.

The next contention is equally without merit. The exception contained in subsection 2 applies only to cases where the gravamen of the action is negligent or tortious acts. In this case it is unnecessary for the claimant to prove that the deceased came to his death as a result of negligent or tortious acts, either of the defendant or third parties. If his death grew out and in the course of his employment he is entitled to recover. For that reason the exception is not applicable to a case of this character.

In the case of Warfield Natural Gas Co. v. Clark's Adm'x, 257 Ky. 724, 79 S. W. (2d) 21, 97 A. L. R. 971, it was held that although the matters in controversy in that case had their origin in contract, the gravamen of the action was the alleged tortious and negligent acts of the defendant which resulted in the death of the plaintiff's decedent and therefore the exception contained in subsection 2 applied. That being true, the converse must be true, i. e., where the gravamen of the offense is not a negligent or tortious act, the exception has no application.

In the case of Hatfield Campbell-Creek Co. v. Adams, 275 Ky. 744, 122 S. W. (2d) 787, the claimant's deceased husband was killed in the defendant's mine. The case was submitted to the Compensation Board for adjustment and although the deceased apparently came to his death by reason of negligence on the part of the defendant, the testimony of claimant concerning transactions with a deceased attorney were held to be in-

competent by reason of subsection 2, section 606 of the Code, and in the opinion of the court the execption contained in said subsection was ignored. Thus it will be seen that the testimony of the stockholders of the corporation was incompetent insofar as it was favorable to the corporation but insofar as said testimony was adverse to the interest of the corporation such testimony was competent as admissions against interest as we held in the case of Jefferson Woodworking Co. v. Mercke et al., 222 Ky. 476, 1 S. W. (2d) 532.

Appellant next complains that the board and the court erred in finding that appellee's deceased husband at the time of the accident was an employee of the appellant and not an independent contractor. This contention calls for a review of the evidence, excluding, of course, the evidence heretofore declared to have been incompetent; and if there is any evidence of probative value in support thereof, the award of the board must be upheld.

For several years preceding his death appellee's deceased husband sold merchandise for appellant which was in the wholesale grocery business with principal offices in Lexington, Kentucky. For the first few years he was paid a salary and furnished with means of transportation, and worked in the territory designated in the record as the Georgetown territory in the place of another salesman for the company who was ill at the time. When this salesman returned to work the deceased "opened up" a territory consisting chiefly of Fleming and Bourbon counties, a territory with which he had familiarized himself while in the employ of other firms prior to that time. It appears that this territory was chosen by the deceased and that he had the right to sell to the trade in general and to whomsoever he chose, so long as deliveries could be made by appellant's trucks along regularly established routes. Commencing with September 1933, his contract was changed from a straight salary to a commission basis; under the new agreement he received 35 per cent of the "profits" of his sales (the word profits being unexplained), and was required to furnish his own automobile and pay his traveling expenses out of the commissions. In September, 1935, the commission was raised to 37½ per cent. No other change in the relations of the parties was ever effected. His duties consisted of

calling on the trade in his territory, taking orders and transmitting same to the home office from which point deliveries were made in trucks of the company. He had the authority to, and did, adjust complaints, even to the extent of striking from rendered bills certain items which were unsatisfactory to the customer. He likewise had the authority to, and did, collect accounts of customers for the company. The company had the right to discharge him at any and all times without respect to the completion of any transaction that he had commenced. Although it was testified by the bookkeeper for appellant that the company *did not* exercise any control over him whatsoever, there was no testimony in support of appellant's contention that it *could not* exercise such control; indeed, that contention is negatived by the conceded fact that the company could at any and all times discharge him with or without cause. About 30 minutes before the accident he had called on, and secured an order from, a customer in Elizaville. He then called on a second customer in said town but failed to obtain an order. Thereupon he entered his automobile and, as was his custom, proceeded in the direction of Hill Top; after he had driven a short distance his car collided with an automobile driven by one Daisey Moffett, in which accident he received injuries which resulted in his death.

The only evidence in the case suggestive of the contention that the deceased was an independent contractor is the testimony of appellant's bookkeeper that the appellant *did not* exercise any control whatsoever over appellee's decedent. But the status of independent contractor cannot be established by proof that the principal *did not* exercise control; the test in such case is whether it *could have* exercised such control. As was said in the opinion in Pike-Floyd Coal Co. v. Spears, 272 Ky. 492, 114 S. W. (2d) 728, "Whether the relation of master and servant exists turns not on the actual exercise of control, but the right to control." In American Savings Life Ins. Co. v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115, 117, this court held,

> "A servant is a person subject to the command of his master as to the manner in which he shall do his work, and the master is the one who not only prescribes the work but directs, *or may direct*, the manner of doing the work."

(Emphasis ours.)  In Bowen v. Gradison Construction Co., 236 Ky. 270, 32 S. W. (2d) 1014, 1017, we said:

> "The power of an employer to terminate the employment at any time is incompatible with the full control of the work that is usually enjoyed by an independent contractor. * * * No single fact is more conclusive as to the effect of the contract of employment, perhaps, than the unrestricted right of the employer to end the particular service whenever he chooses, without respect to the final result of the work itself."

The record further discloses the fact that deceased was carried on the payroll of appellant as a commission salesman, which is evidence that he was an employee and not an independent contractor.  Burt v. Davis-Wood Lumber Co., 157 La. 111, 102 So. 87; Kirby Lumber Co. v. McGilberry, Tex. Civ. App., 205 S. W. 835.  And finally appellant carried compensation insurance on the deceased, paid to its insurance carrier premiums based on his commissions and the deceased actually received compensation on a previous claim without his status of employee being questioned.  Such circumstances are evidence of the existence of the relation of employer and employee.  O'Donnell v. South Fayette School, 105 Pa. Super. 488, 161 A. 887.

It will thus be seen from the decisions of this and other courts that there was ample evidence to support the finding of the board and the judgment of the circuit court, which is hereby affirmed.