## NICELEY'S ADM'X v. MATTOX.

Court of Appeals of Kentucky.

Sept. 25, 1951.

Chat Chancellor, Frankfort, Earl S. Wilson, Louisville, Funk, Chancellor & Darnell, Frankfort, for appellant.

E. R. Denney, Mt. Vernon, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment directing a verdict for appellee, George Mattox. The court held that appellant had failed to establish that the relationship of master and servant existed between appellee and Marion L. Jones at the time Jones committed his tortious act which fatally injured appellant's decedent, Walter Niceley. A reversal is sought upon the claim that the evidence was sufficient to take the case to the jury. A determination of the question requires a résumé of the evidence.

In 1946, Breslin Construction Company contracted with the Department of Highways to construct a road from East Bernstadt to Tyner, to be surfaced with an asphalt material known. as a road mix. Breslin Company entered into a contract with appellee for hauling the mix from Breslin's plant at East Bernstadt, to points on the road where it was to be dumped into Breslin's paving machinery for application on the road. Appellee was to be paid by Breslin on a tonnage basis.

Appellee then entered into an oral agreement with Cleatus Geary, whereby Geary agreed to furnish trucks and drivers to assist in the hauling of the mix, receiving six cents a mile for each ton of mix that

he hauled. Geary dispatched several of his trucks from Louisville to East Bernstadt with instructions to his drivers to begin hauling the mix in compliance with his agreement. Several days after Geary's trucks had been thus engaged, one of his truck drivers, Marion L. Jones, left the road job at East Bernstadt driving one of Geary's trucks. According to Jones, he was returning the truck to Louisville. Upon reaching a place in Rockcastle County, far removed from the road work, he apparently lost control of his truck, running off Highway No. 25 into a car parked on Gualey Road, and into Walter Niceley, fatally injuring Niceley. It is evident that Jones's negligence caused the accident.

The administratrix of Walter Niceley's estate instituted this action against Breslin Construction Company, George Mattox, Cleatus Geary, and Marion L. Jones, seeking damages of them for Niceley's wrongful death.

Upon trial of the case, the Court, after hearing the testimony, peremptorily instructed the jury to find a verdict for defendants, Breslin Construction Company and George Mattox. A directed verdict was then given against defendants, Geary and Jones, resulting in a verdict against them for $1,000.

The court was of the opinion that the case was controlled by the general rules of law governing the relation of master and servant, or principal and agent. The reasons assigned for the ruling are decisive of the controversy. The court pointed out that appellee's agreement with Geary related solely to Geary's furnishing trucks and drivers for the purpose of hauling surfacing material on the road under construction; that the accident occurred ten to fifteen miles away from the construction work; that Jones had abandoned any duties that he was to perform for appellee and was not engaged within the scope of his employment at the time of the accident.

Appellant's action against appellee is predicated upon the rule of respondeat superior. This principle of law cannot be successfully invoked to hold appellee liable for the negligence of Jones, unless it is established that Jones was appellee's servant, or agent, and was at the time of his tortious act performing some duty, or service, for his master within the scope of his employment. The master is not always liable for every wrong which the servant may commit during the continuance of the employment. The liability can only arise when the act done is within the real or apparent scope of the master's business. Hence, when a servant steps outside of his employment to do an act for himself, or for another, not connected with his master's business, no liability attaches. The reason for the rule is that beyond the scope of his employment a servant is as much a stranger to his master as a third person. Mullen & Haynes Co. v. Crisp, 207 Ky. 31, 268 S.W. 576; Hill v. Poindexter, 171 Ky. 847, 188 S.W. 851, L.R.A.1917B, 699; Grocers Biscuit Co. v. Hinton, 264 Ky. 739, 95 S.W.2d 571; Wood v. Indianapolis Abattoir Co. of Kentucky, 178 Ky. 188, 198 S.W. 732; Cincinnati, N. O. & T. P. Ry. Co. v. Rue, 142 Ky. 694, 134 S.W. 1144, 34 L.R.A.,N.S., 200; Sullivan v. Louisville & N. R. Co., 115 Ky. 447, 74 S.W. 171; Challinor v. Axton, 246 Ky. 76, 54 S.W.2d 600.

The uncontradicted evidence shows that Jones abandoned appellee's work, leaving on a journey without appellee's knowledge or consent, to perform a mission beyond the scope of the duty for which he was engaged, for the purpose of serving himself, or another, wholly independent of appellee's business. It is an established rule that when there is no dispute as to the facts and they are susceptible of but one inference, the question is one of law to be decided by the court. 57 C.J.S., Master and Servant, § 617; Sympson Bros. Coal Co. v. Coomes, 248 Ky. 324, 58 S.W.2d 594; Wood v. Southeastern Greyhound Lines, 302 Ky. 110, 194 S.W.2d 81.

Construing the evidence in the most favorable light for appellant, we entertain no doubt that the ruling of the court was proper in view of the pleadings and proof.

Wherefore the judgment is affirmed.