## SHEDD BROWN MFG. CO. v. TICHENOR
### (two cases).

Court of Appeals of Kentucky.
Jan. 23, 1953.

Rehearing Denied June 5, 1953.

Doolan, Helm, Stites & Wood, Louisville, Jarvis & Ross, Greenville, Robert L. Page, Louisville, for appellant.

Woodward, Bartlett, Hobson & McCarroll, Owensboro, Woodward, Bartlett, Hobson & Catinna, Hartford, for appellee.

CLAY, Commissioner.

Appellees recovered damages for personal injuries and a death resulting from an automobile accident. The controlling question on this appeal is whether or not such an agency relationship existed between appellant and one Shipp, the driver of the automobile involved, that the former was liable for the latter's negligence under the doctrine of *respondeat superior*. Appellant moved to quash the service of summons on the alleged agent, but we will assume this defendant was properly before the court. The determinative issue is whether or not appellant was entitled to a directed verdict.

Appellant is a Minnesota corporation engaged in the business of manufacturing and selling advertising material, such as calendars, pencils, and the like. Shipp solicited orders for this merchandise in Kentucky and Tennessee. Orders were sent to the home office of appellant in Minneapolis, where they were accepted or rejected. The merchandise was shipped direct to the buyer on an open account basis. No deposits were made or remittances sent to the company until the goods were delivered.

Shipp's only compensation consisted of commissions paid on goods sold and paid for. He was allowed no expenses or given other allowances. His local office was in his own home. He used his own automobile.

Shipp did not have authority to extend credit. He did on occasion negotiate the settlement of overdue accounts. He was not paid for this service, but had a personal interest in collections because his commissions were not paid until the accounts were paid.

In addition to the above activities outlined, Shipp carried with him at all times advertising material for appellant and himself. Appellant could terminate the arrangement with him if dissatisfied with his services. At the time of the accident Shipp was on a business trip in the solicitation of orders, representing other companies as well as appellant.

The question of whether a person performing services for another is a servant or an independent contractor has long plagued the courts. The problem has been approached from every angle and innumerable tests have been applied. Some confusion has arisen from the failure to analyze the exact nature of the particular act creating the claimed liability. It is entirely possible that for one purpose the same person may be an independent contractor and for another purpose the agent or servant of another.

█ If the judgment is to be upheld, the facts must furnish a sound basis upon which we can construct a legal liability to third persons. Charging one with the negligent acts of another, under the doctrine of *respondeat superior*, is an arbitrary

rule based on public policy; and its justification is that the employer should be vigilant in supervising those in his employ to protect the public generally. See Bowen v. Gradison Construction Company, 236 Ky. 270, 32 S.W.2d 1014. It would be an unfair application of the rule if the "employer" had no way of guarding against liability by having some control over, or right to control, the particular act or instrumentality which causes the injury.

■ The fundamental principle which governs this type of case is thus set forth in 2 Am.Jur., Agency, Section 8:

"The theory which in many cases is adopted to differentiate between an agent and an independent contractor is that one is to be regarded as an agent or an independent contractor according to whether he is subject to, or free from, the control of the employer with respect to the details of the work."

As stated in American Savings Life Insurance Company v. Riplinger, 249 Ky. 8, at page 17, 60 S.W.2d 115, at page 119:

"The right of control of the means of doing the work, or want of it, is the determinative factor when considering the relationship in such cases, for one who has no right of control in this respect over another ought not to be required to respond in damages for his acts."

The difficulty lies in the application of this broad principle, and requires careful consideration of the principal's actual or potential control over the particular activity in which the alleged agent was engaged at the time he injured another.

Appellant relies on American Savings Life Insurance Company v. Riplinger, just cited, as decisive. One Owen was a licensed agent of the defendant company. In the operation of his automobile he injured a third party. At the time of the accident he was on his way home to procure and deliver an insurance policy. His contract of employment with the defendant provided for his representation of it in selling insurance on a commission basis. The company had the right to discharge him at any time, but it had no right to prescribe how and when he would travel, where he would go or to whom he would sell insurance. It was held that Owen was an independent contractor, and a verdict should have been directed for the company.

As illustrative of the independent contractor classification, the court listed the following, 249 Ky. at page 16, 60 S.W.2d at page 118:

"* * * a traveling salesman, or a salesman or solicitor of insurance or other person who is his own master in respect to the time he shall devote to the business of the employer, such as soliciting or making sales, using his own automobile or other vehicle, or the vehicle of another, in the pursuit of the employer's business, but the employer is without right to direct the manner in which he shall control its use."

The principal case relied upon by appellee is Browns, Bell & Cowgill v. Soper, 287 Ky. 17, 152 S.W.2d 278, 134 A.L.R. 1385. There a salesman was killed in an automobile accident, and the suit involved a claim for workmen's compensation. The employer had a wholesale grocery business in Lexington. For several years the salesman had been on a salary and was furnished means of transportation by the company. He worked a particular territory and in addition to selling goods had authority to adjust complaints and to collect accounts. The company had the right to discharge him at any time. Three years before the date of the accident the salesman was put on a straight commission basis and was required to furnish his own automobile and pay his own traveling expenses.

We believe there are several distinguishing features in that case. For one thing the question of employment under the Workmen's Compensation Act, KRS 342.001 et seq., may be somewhat different from the question of agency under the *respondeat superior* doctrine. Also, insofar as the duties of the salesman were concerned, his status as an employee subject to the control of the employer was not necessarily changed simply because of the change in the method of paying his compensation.

Still further, the employee was more closely related to the local business enterprise than was the salesman in the present case. Finally, the employer had recognized that the salesman was within the classification of those falling within the purview of the Workmen's Compensation Act.

Another case upon which appellee relies is Bowen v. Gradison Construction Company, 236 Ky. 270, 32 S.W.2d 1014. There the defendant directed the operation of a truck which was rented with a driver on an hourly basis. It was held that even though the driver was paid by the owner of the truck, the defendant had control over the manner in which a particular hauling operation was conducted. This right of supervision was held to create the agency relationship which imposed liability upon the employer.

In that case the opinion considered at length the right of the employer to terminate the employment at any time, and it was stated that such right was incompatible with the independent contractor relationship. Considering the type of work being performed, i. e., a truck hauling operation, it may be that the temporary nature of employment was of significance in determining whether or not the employer had a right to control the details of the driver's work. However, that feature of the relationship could not be controlling, as the opinion itself very clearly shows in its discussion of the many other factors involved. The fact that the employer had a right to terminate the employment at will was also considered in American Savings Life Insurance Company v. Riplinger, 249 Ky. 8, 60 S.W.2d 115, above discussed, but still the decision was in favor of the employing company.

As noted earlier in this opinion, our objective is to determine whether or not the "employer" had the right to control the manner of performing the particular type of work involved or the instrumentality used. The fact that a person is employed from day to day, or for a specified period of time, or for a particular job, does not necessarily decide that fundamental question. In the present case the salesman was not subject to direction by appellant with respect to where he went, when he went, or the means of transportation he used to get there. In order to impose liability on appellant, we must find that somehow this particular trip in this particular automobile was, or by virtue of the relationship between appellant and Shipp could have been, directed or controlled by appellant. As said in Wesolowski v. John Hancock Mutual Life Ins. Co., 308 Pa. 117, 162 A. 166, 167, 87 A.L.R. 783, quoted with approval in the Riplinger case 249 Ky. at page 17, 60 S.W.2d at page 119:

"'To hold a master legally responsible for the act of a servant who is engaged in furthering his master's business and who while doing so negligently uses some instrumentality that carries him from place to place, it must either be proved that the master exercises actual or potential control over that instrumentality, or the use of the instrumentality at the time and place of the act complained of must be of such vital importance in furthering the business of the master that the latter's actual or potential control of it at that time and place may reasonably be inferred.'"

Under the circumstances shown in the present case, we cannot find anything to justify a conclusion that appellant had any actual or potential control of the salesman Shipp, or of this trip, or of the instrumentality which caused the injuries. The status of the salesman was the same as that shown in the Riplinger case, and the same as that considered in the later cases of Leachman v. Belknap Hardware & Mfg. Co., 260 Ky. 123, 84 S.W.2d 46, and Grocers Biscuit Co. v. Hinton, 264 Ky. 739, 95 S.W.2d 571. It is our conclusion that he was not such an agent or servant of appellant, at the time of the accident, as would make the latter responsible to third persons for his tortious acts. A verdict should therefore have been directed for appellant.

Appellees contend that if there was not a master-servant relationship, one of "joint adventure" existed because Shipp was transporting advertising material in

which he and appellant were both interested. This doctrine is simply an extension of the principles heretofore discussed and is usually limited to a single transaction. It contemplates, however, not only a community of interest or common purpose, but also an equal right to direct the manner of performance and an equal right to control the agency or instrumentality used. Of course appellant did not have such right with respect to Shipp's activity at the time of this unfortunate occurrence.

The judgment is reversed.

CAMMACK, MOREMEN and DUNCAN, JJ., dissent.