SHEPHARD ELEVATOR COMPANY, a Corporation, et al., Appellants,

v.

Nancy B. THOMAS, a Widow, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1957.

As Modified on Denial of Rehearing May 3, 1957.

---

C. W. Swinford, Stoll, Keenon & Park, Lexington, for appellants.

B. L. Kessinger, Jr., I. J. Miller, Lexington, for appellees.

CLAY, Commissioner.

Appellee, Nancy B. Thomas, and her two children seek to recover Workmen's Compensation as dependents of James Thomas, who met his death by electrocution while inspecting an elevator at the St. Joseph Hospital in Lexington. The controlling issue in the case is whether or not at the time of the accident Thomas was an employee of appellant, Shephard Elevator Company. The Workmen's Compensation Board found that he was not. On appeal to the Fayette Circuit Court the Board's order was set aside and the cause was remanded for an award in favor of appellees.

Thomas was employed by Rudolph Glackin, who in Lexington conducted an elevator sales, service and repair business. Glackin was a sales representative of appellant company. In addition, Glackin and his employee Thomas from time to time performed services for it in the installation and repair of company elevators. We may assume that at such times Glackin and Thomas were employees of the company, and they had signed the company's Compensation Register. The last specific employment of Glackin and Thomas by the company prior to the accident was in 1953. The accident occurred April 10, 1954.

In addition to acting as sales representative of the company and working on special jobs for it from time to time, Glackin conducted an independent elevator service and repair business. He had a contract with the St. Joseph Hospital for weekly inspections of its elevators (which were Shephard elevators), and Glackin was paid by it a monthly fee for this service. No part of this service charge was paid to or received by the company.

On April 10, 1954 Glackin received a service call from St. Josephs when one of its elevators had apparently been damaged by fire. He and Thomas answered the call and were preparing to inspect the elevator when the accident happened. It resulted when Thomas inadvertently closed a switch.

To simplify our consideration of the case, we may assume that Thomas' rights were the same as those of Glackin. If the latter was an employee at the time of the accident, then Thomas' dependents should recover.

According to Glackin's testimony (and he was the principal witness for appellees), if the inspection had shown a minor repair to be necessary, he would have taken care of it and received payment therefor independent of the company. If a major repair was necessary, it was customary for the company to take over the job and he would become its sub-contractor.

It is clear the company used Glackin's services in different capacities. At certain times Glackin was a direct employee of the company. On occasion he was a sub-contractor of the company under KRS 342.060, and when such relationship existed the company would be liable for compensation. At times he may also have been an agent or representative of the company within the meaning of the company's compensation insurance contract. Yet it appears Glackin often conducted his regular business independently of the company or for the company as an independent contractor.

We have before us, as did the Board, this question: *At the time of the accident* was Glackin, as a representative or sub-contractor or otherwise, *an employee* of the company under the provisions of the Workmen's Compensation Act? KRS 342.005. In American Savings Life Insurance Co. v. Riplinger, 249 Ky. 8, 60 S.W.2d 115, 119, and Shedd Brown Mfg. Co. v. Tichenor,

Ky., 257 S.W.2d 894, it is pointed out that the "right of control" which is of major importance in determining whether or not one person is the employee of another, must exist at the time and place of the accident, not at some other time or place.

The evidence, and particularly the testimony of Glackin, was amply sufficient to justify a finding by the Board that at the time of the accident Glackin was performing a service for the St. Joseph Hospital, independent of his relationship with the company. In his own words, he was making an inspection to determine whether minor or major repairs would be necessary. Even if this was not the type of inspection which he was under contract with the hospital to perform independently of the company, it was a job he was performing in the conduct of his own independent business. There is no evidence that an inspection of this sort was one for which the company would be compensated even if it took over the job of repair.

Admittedly if Glackin found only minor repairs necessary he would make them and be paid therefor by the hospital. The company would have no part whatever in this transaction. Had major repairs been necessary, it is probable that the company would have entered into a contract with the hospital and Glackin would have done the work as an employee of the company. The possible future employment of Glackin (and Thomas), however, did not create the relationship of master and servant at the time of the inspection.

It is contended by appellees that the Workmen's Compensation Act should be liberally construed. With this we agree, but such concept does not require the Board or the courts to extend the beneficial provisions of the Act to one who was not an employee at the time of the injury.

Appellees contend the company was benefited by this particular service, and for that reason compensation should be paid. It may be admitted that the company indirectly benefited from the performance of this service and perhaps would directly profit from the sale of parts to be used on the job. However, analysis will show that the cases cited by appellees on the subject of benefits relate to the question of whether or not a particular service was performed *in the course of the employment,* the master-servant relationship being admitted. Receiving benefits does not establish the existence of that relationship. Obviously this factor is present in all the independent contractor cases. The nature of the service and the manner in which it is being performed are more significant considerations in determining whether or not one is an employee of another.

It is urged that the risk giving rise to the accident was incidental to the performance of services for the company, but as we have pointed out before, at the time of the accident Glackin was not performing a service for the company of which it had any knowledge or over which it had any semblance of control.

An attempt is made on the part of appellees to justify an award against the company's insurance carrier under the terms of its policy even if Glackin was not an employee of the company at the time of the accident. Since we are considering only a claim for workmen's compensation, insofar as that claim is concerned, the insurance carrier's liability is limited to the liability of appellant elevator company under the Workmen's Compensation Act.

Appellees argue that the question presented is one of law which would justify the court in adjudging the existence of the employee relationship contrary to the Board's findings. However, there were factual issues arising from a conflict in the evidence, and different inferences could be drawn therefrom. At least we have a mixed question of fact and law, and the Board's findings of fact must be upheld if supported by evidence of substance. They were so supported, and it is not the province of the court to set aside the Board's conclusion based thereon.

Our sympathies, as were those of the trial judge, are with the claimants. The law does not, however, impose liability on the company because Thomas in the past on specific occasions had been one of its employees or because he might possibly have occupied such status in the future had he lived. The Board found that at the time of the accident this relationship did not exist. We are constrained to uphold this finding.

The judgment is reversed for consistent proceedings.