Nancy B. THOMAS et al., etc., Appellants,

v.

EMPLOYERS' LIABILITY ASSURANCE
CORPORATION, Ltd., Appellee.

Court of Appeals of Kentucky.

May 29, 1959.

Rehearing Denied Sept. 25, 1959.

B. L. Kessinger, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, for appellants.

C. W. Swinford, Stoll, Keenon & Park, Lexington, for appellee.

BIRD, Judge.

This is an action to recover $10,300 on an insurance contract for the accidental death of James B. Thomas.

Defendant below moved to dismiss for failure to state a claim upon which relief may be granted and for want of jurisdiction.

The action was dismissed and the plaintiffs appeal. We need only to determine whether or not the complaint stated a claim upon which relief may be granted. Let us look to the pertinent parts of the complaint. They are as follows:

"1. Plaintiffs are the dependent widow and two infant children of James B. Thomas, deceased; and as defined in KRS 342.075. (Effective April 10, 1954)

"2. Defendant is an insurance company now and at all times herein mentioned, doing business in the State of Kentucky.

"3. On April 10, 1954, James B. Thomas was killed by reason of an ac-

cident at the St. Joseph Hospital, Lexington, Kentucky, while hired to assist Rudolph Glackin and during the course and scope of his employment for the said Glackin.

"4. At the time of said accident, Rudolph Glackin was the agent or representative of the Shephard Elevator Company engaged in installing, erecting or repairing the products manufactured by the said Shephard Elevator Company.

"5. Prior to December 31, 1953, the Shephard Elevator Company entered into an insurance agreement with the defendant whereby it was agreed *that the said defendant would insure the Shephard Elevator Company against all liability it might incur by reason of the Workmen's Compensation Act of Kentucky.*" (Emphasis ours.)

The insurance policy was filed as a part of the complaint. Upon examination of the policy we find that paragraph 5 of the complaint gives an accurate statement of the only liability for which the insurance company assumes financial responsibility. Under the terms of the policy there is no insurance against any liability except that incurred by reason of the operation of the Workmen's Compensation Act.

Nowhere in the pleading is it asserted directly or indirectly that the insured or insurer incurred any liability by reason of the Workmen's Compensation Act. Without such averment the complaint fails to state a claim upon which relief may be granted and the trial court was correct in dismissing the complaint.

Appellant insists upon a special right of recovery because of an indorsement attached to the policy. The pertinent part of that indorsement reads as follows:

"It is agreed that agents and representatives of the Employer engaged in installing, erecting or repairing the products manufactured by the Em-

ployer, also any hired to assist them in such work are to be considered as direct employees of the Employer. * * *"

This indorsement merely names a specific class of employees to be covered by the Workmen's Compensation Act *if the insured is otherwise liable under the Act.* It does not extend the insurer's liability beyond the liability of the insured incurred by reason of the Act. The indorsement in no way cures the failure of the complaint to aver that the insured or insurer is liable by reason of the Workmen's Compensation Act.

It will be noted here that such averment could not truthfully be made because this Court has heretofore held that in this instance there is no liability under the Act. See Shephard Elevator Company v. Thomas, Ky., 300 S.W.2d 782.

The judgment is affirmed.