**Betty Jean KEENER, Plaintiff,**

v.

**JACK COLE TRUCKING COMPANY, Grady F. Brown, and Wilbur G. Keener, Defendants.**

**Robert R. MILLER, Administrator of the Estate of Henry Earl Agent, deceased, Plaintiff,**

v.

**UNITED STATES of America and Jack Cole Company, a Corporation, Defendants.**

**Civ. A. Nos. 4644, 4716.**

United States District Court
W. D. Kentucky, at Louisville.
Aug. 20, 1964.

---

11. 66 Purdon's Pa.Stat.Ann. § 1309.

182

Edwin O. Davis, Louisville, Ky., for plaintiff Betty Jean Keener.

Charles E. Duncan, Louisville, Ky., for plaintiff Robert R. Miller.

Norman A. Curtis, Louisville, Ky., for defendant Jack Cole Co.

Victor Ewen, Louisville, Ky., for defendant Wilbur G. Keener.

William E. Scent, U. S. Atty., John E. Stout, Asst. U. S. Atty., Louisville, Ky., for defendant United States.

BROOKS, Chief Judge.

This case is submitted on defendant United States' motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. That motion is based on defendant's claim that Sfc. Keener was not acting within the scope of his employment (i. e., in the "line of duty") at the time of accident.

The facts of this case relevant to the pending motion are as follows: On April 16, 1963, Sfc. Keener left the Army depot at Lexington, Kentucky, in an Army sedan to take his wife and son to the Ireland Army Hospital at Fort Knox. Use of that sedan had been authorized by First Sergeant Nathan Roberts, Jr., when he learned from Sfc. Keener that his wife and son required medical treatment at the Army hospital. While en route to the hospital the sedan which Sfc. Keener was driving was involved in an automobile accident in which plaintiff, Henry Agent, was killed. Subsequently, Agent's administrator brought this suit against the United States under the Federal Tort Claims Act which makes the United States Government liable for torts committed by military personnel acting in the "line of duty". 28 U.S.C.A. § 2671.

There is no dispute that the term "line of duty" as here utilized imposes no greater or different liability upon the Government than is imposed upon non-governmental defendants by the respondeat superior doctrine of the applicable state law. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955). Nor is there any dispute that under Kentucky law the master is liable only when the tortious act is

committed within the real or apparent scope of the master's business. Niceley's Adm'x. v. Mattox, Ky., 242 S.W.2d 608 (1951).

But plaintiff claims that Sfc. Keener was doing his master's business because, so he alleges, the Army was under a duty and obligation to provide the transportation necessary for Keener's wife and child. Both the claim and the supporting allegation are unfounded. Plaintiff has cited neither a statute nor regulation which creates any such duty. The only statutes pertaining to the medical care of Army personnel dependents are those enumerated in 10 U.S.C. §§ 1071–1085. None of them can in anywise be thought to create the duty which plaintiff here claims exists. The only Army Regulation pertaining to the medical care of personnel dependents is AR 40–121, dated December 16, 1959. The sections of that regulation pertinent to the present case are as follows:

"Paragraph 12. Medical care authorized.

\* \* \* \* \* \*

"c. When a hospitalized dependent patient requires care beyond the capabilities of the medical facility, the commanding officer in charge of the facility is authorized to arrange for the required care by one of the following means:

"(1) Transfer the patient to the nearest medical facility of the uniform services where the required treatment is available. Transportation is authorized at Government expense. Government transportation will be used when available.

\* \* \* \* \* \*

"The authorization provided by this subparagraph is applicable after admission of the patient when the patient's condition so requires."

"Paragraph 13. Medical care not authorized.

\* \* \* \* \* \*

"c. Dependents shall not be provided—

\* \* \* \* \* \*

"(2) Ambulance service for initial admission, except that a Government ambulance may be used in acute emergency as determined by the medical officer or other responsible officer in charge."

It is clear that insofar as the above noted provisions are thought either to impose a duty on the Army or to create a right in personnel dependents requiring medical treatment they do not encompass Sfc. Keener's wife and child. Paragraph 12 pertains only to "hospitalized" patients which Sfc. Keener's wife and child were not, and Paragraph 13 limits rather than expands the right to use Army vehicles for transportation of personnel dependents. Insofar as the exception in the paragraph might be thought to authorize Sfc. Keener's use of the sedan in this case it should be noted that that clause: (1) refers only to ambulances and not to sedans, and (2) requires the existence of an "acute emergency" not here present.

Sfc. Keener, at the time of the accident relevant to this suit, was acting only for himself, was engaged purely in a personal mission. The fact that while in acting for himself he was using with consent his master's property does not make that master liable for his torts. Keck's Adm'r. v. Louisville Gas & Electric Co., 179 Ky. 314, 200 S.W. 452, L.R.A. 1918C, 654 (1918). In Leonard v. United States, 235 F.2d 330 (U.S.C.A. 10th 1956), the court specifically held that the Government was not liable for the tort of an Air Force sergeant committed in a government vehicle utilized with the consent of his commanding officer to travel to a neighboring installation for a physical examination, where that physical examination was being taken voluntarily and for personal reasons rather than by order of his master. Finally, insofar as First Sergeant Roberts' authorization to use the sedan con-

**184**

travened the intent and purpose of AR 40–121, Paragraph 13(c) (2), it was illegal and so could not cause the United States to be liable for torts committed by that use. Parrish v. United States, D.C., 95 F.Supp. 80 (1950).

Summary judgment for the defendant United States will be entered.